J.P. COLLINS, Plaintiff-Appellant, v. MID-AMERICA BAG COMPANY, Defendant-Appellee.

Second District   No. 2—88—0444

Opinion filed February 22, 1989.

Jeffrey D. Schultz and Sam Cuba, both of Jeffrey D. Schultz, Ltd., of Chicago, for appellant.

Harlene G. Matyas, of Matyas & Norris, of Chicago, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, J.P. Collins, appeals from a judgment of the circuit court of Lake County granting the motion of defendant, Mid-America Bag Company, to dismiss. Plaintiff contends that the trial court erred in dismissing the complaint for failure to state a cause of action. We affirm.

On March 17, 1988, plaintiff filed a complaint in the circuit court of Lake County alleging that he was injured while playing in a softball game organized by defendant. The complaint further alleged that defendant had a duty to provide a safe playing field for the event and that defendant breached that duty by failing to repair or warn plaintiff about holes in the playing field.

■ Defendant filed a motion to dismiss the complaint, arguing that plaintiff was not injured on defendant's business premises; therefore, defendant did not owe a duty to plaintiff. The trial court dismissed the complaint with prejudice, and this appeal ensued. Defendant filed a motion to strike portions of plaintiff's reply brief for stating facts which were not in the record. Plaintiff filed a response, and we ordered the motion taken with the case. We will not consider any argument not properly part of a reply brief in our determination of the merits of this case.

Before turning to the merits of this appeal, we feel compelled to comment on the quality of the briefs filed in this court. We first note that plaintiff did not include a jurisdictional statement in his brief as required by Supreme Court Rule 341(e)(4)(ii) (122 Ill. 2d. R. 341(e)(4)(ii)). Appellant's main brief merely restates the allegations of

the complaint and makes a passing reference to the Restatement of Torts as his argument on the issue of duty, while his reply brief resembles not so much legal reasoning as a polemic on the state of tort litigation. As for appellee's brief, it also makes broad, unsubstantiated statements of law, and the only case cited by defendant is irrelevant to the issues at hand. We are not a depository in which the parties "may dump the burden of argument and research" (*Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 719), and we trust that counsel will not submit briefs of this quality in the future.

■ Plaintiff asks this court to reverse the trial court's dismissal of his complaint with prejudice because the complaint does state a cause of action. In reviewing a dismissal for insufficient pleadings, a reviewing court must interpret the facts in the light most favorable to the plaintiff, and the complaint should not be dismissed unless no set of facts could be proved that would entitle plaintiff to relief. *Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 360-61.

■ Plaintiff's complaint alleged that he was injured as a result of defendant's negligence. Before a plaintiff may recover for negligence, defendant must be shown to have been under a duty to conform to a certain standard of conduct for plaintiff's protection. *Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 116.

■ Plaintiff alleges that because defendant organized the softball game, it had a duty to provide a safe playing field for the game. However, plaintiff has failed to provide us with any citation of authority in support of that assertion, in violation of Supreme Court Rule 341(e)(7) (113 Ill. 2d R. 341(e)(7)). Therefore, the argument is waived.

■ As for plaintiff's argument that defendant owes a duty to plaintiff as a possessor of land, plaintiff neglects one vital fact. Defendant was a permissive user of the park for defendant's purposes. Therefore, defendant was a licensee whose only interest in the land was permission to use the land. (See *Mueller v. Keller* (1960), 18 Ill. 2d 334, 340.) As defendant did not control the land nor could he intend to control the land, defendant cannot be held liable as a possessor of the land. (*Stedman v. Spiros* (1959), 23 Ill. App. 2d 69, 86.) Thus, the motion to dismiss was correctly granted, because under no set of facts could plaintiff show that defendant owed a duty to him as to the condition of the land.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and REINHARD, JJ., concur.