MARY LYNN GODEE, Plaintiff-Appellant, v. ILLINOIS YOUTH SOCCER ASSOCIATION *et al.*, Defendants-Appellees (Rob Salazar, Defendant).

Second District   No. 2—00—1259

Opinion filed February 15, 2002.

Ryan M. Rosenthal, of Sennett & Skolnick, of Highland Park, for appellant.

Robert Marc Chemers, Daniel G. Wills, Mark P. Standa, and Suzanne M. Crowley, all of Pretzel & Stouffer, Chtrd., of Chicago, for appellees Illinois Youth Soccer Association and Northern Illinois Soccer League.

Michael Resis, of O'Hagan, Smith & Amundsen, L.L.C., of Chicago, for appellee Mark West.

JUSTICE CALLUM delivered the opinion of the court:

Plaintiff, Mary Lynn Godee, sued defendants, Illinois Youth Soccer Association (IYSA), Northern Illinois Soccer League (NISL), and coaches Mark West and Rob Salazar, seeking damages for injuries she sustained when she slipped and fell in a drainage ditch by a school's field as she walked to the parking lot following her son's practice soccer game. The trial court granted summary judgment for defendants. Plaintiff appeals, arguing that (1) defendants owed her a duty of care because of the parties' relationship; (2) alternatively, defendants owed her a duty of care because they operated and controlled the premises; and (3) the open-and-obvious exception to the duty of care does not apply. We affirm.

Plaintiff's third amended complaint contained the following allegations. On September 16, 1998, West and Salazar, each a volunteer coach, scheduled a practice soccer game to be played at a field in Carol Stream. When the teams arrived at the set location for the practice game, they discovered that the field was in use. The coaches moved the game to Spring Trail Elementary School in Carol Stream, which had a field that the league had not authorized for games. The coaches did not advise either the IYSA or the NISL of the game. The leagues administer youth soccer games between their teams. The NISL schedules league games at approved fields. Neither the IYSA nor the NISL owned the field at Spring Trail Elementary. Rather, Illinois School District U-46 owned the field and surrounding area. Plaintiff attended her son's practice game at that field, and, as a result of defendants' negligence, she was injured when she tripped and fell in a drainage ditch on the premises as she walked to the parking lot after the game.

Defendants moved for summary judgment (735 ILCS 5/2—1005 (West 2000)). They argued that plaintiff proffered no evidence that they owed a duty because (1) plaintiff was neither a participant in the game nor a member of the IYSA; (2) neither the IYSA nor the NISL owned, operated, controlled, or maintained the field; (3) Spring Trail

Elementary's field was not an authorized field; and (4) the game played there was not an authorized game.

Plaintiff responded that the IYSA and the NISL, through their agents, specifically their coaches, owed her a duty because of her relationship to defendants. She asserted that there was a high likelihood and great foreseeability of injury at the site and that the burden on defendants of guarding against injury was not great. Plaintiff also responded that defendants operated and controlled the field and, therefore, owed her a duty to make the premises safe or to warn of any danger on the property. The trial court entered summary judgment for defendants, and plaintiff appealed.

■ Summary judgment is properly granted if the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there exists no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Zekman v. Direct American Marketers, Inc.*, 182 Ill. 2d 359, 374 (1998); see 735 ILCS 5/2—1005(c) (West 2000). The nonmovant need not prove its case at the summary judgment stage (*Bickerman v. Wosik*, 245 Ill. App. 3d 436, 438 (1993)), but must come forward with evidence that establishes a genuine issue of material fact (*Salinas v. Chicago Park District*, 189 Ill. App. 3d 55, 59 (1989)). We review *de novo* a grant of summary judgment. *Zekman*, 182 Ill. 2d at 374.

■ To state a claim for negligence, a plaintiff must establish that the defendant owed plaintiff a duty of care, that defendant breached that duty, and that plaintiff suffered an injury proximately caused by the breach. *Dunbar v. Latting*, 250 Ill. App. 3d 786, 790 (1993). Whether a duty of care exists is a question of law to be determined by the court, and it thus may be determined on a motion for summary judgment. *Dunbar*, 250 Ill. App. 3d at 790. We agree with defendants that they owed plaintiff no duty under either a general negligence theory or a premises liability theory, and, therefore, we do not address plaintiff's third argument.

Plaintiff argues first that defendants owed her a duty because it was very foreseeable that a parent would attend her son's practice game and slip and fall in the drainage ditch on the school's property and that the potential for injury as a result of the fall was high. She further argues that the burden on defendants of guarding against such an injury was not great. Plaintiff suggests that defendants could have ensured that the field was properly lit, that they could have placed signs near the ditch, or that they could have warned both participants and spectators of the existence of the ditch and its potential danger.

■ The existence of a duty under a general negligence theory is determined by considering the following factors: the relationship of the parties, the likelihood of injury, whether there is a reasonable foreseeability of injury, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant. *Castro v. Chicago Park District*, 178 Ill. App. 3d 348, 352 (1988). In *Loosier v. Youth Baseball & Softball, Inc.*, 142 Ill. App. 3d 313 (1986), a minor member of a youth baseball team sued a nonprofit sports organization after he sustained injuries when he tried to cross a highway to go to a shopping center to sell baseball raffle tickets. The court held that defendants had a duty to supervise the games while the players were on the field and participating in the sport and entrusted by their parents to the coaches. However, the sports organization had no duty to protect the member from injury at all times when he might sell tickets or be en route to sell tickets because "public policy does not require that citizens, who do volunteer work in coaching baseball and softball teams, provide supervision of all team members at the time when a team member is engaged in the activity of selling a raffle ticket." *Loosier*, 142 Ill. App. 3d at 317. The court stated that such a requirement would impose an "unreasonable burden" upon those who operate and sponsor the baseball program. *Loosier*, 142 Ill. App. 3d at 317-18. Here, it would be inconsistent with public policy to impose upon an organization that administers soccer games the unreasonable burden of a duty to spectators to inspect for and warn of dangers on public property. The relationship between a spectator and defendants is too remote for us to find that defendants had a duty to inspect the premises and warn plaintiff of any dangers off the field.

■ In *Castro*, a foul ball hit a minor baseball player while he was seated on the players' bench during a game played on a public field. The court held that the league and its president had a duty to supervise and safeguard game participants because the nature of the sport was such that injury was likely and because the burden on defendants of guarding against the injury was not great. "The scope of the duty to guard against negligence in a voluntary undertaking is limited by the extent of the undertaking." *Castro*, 178 Ill. App. 3d at 354. The court stated that, while the league president was not an insurer of the player's safety, "he must exercise reasonable care to the extent of his undertaking, here the organization and administration of the League." *Castro*, 178 Ill. App. 3d at 354. Here, defendants' undertaking was limited to the administration of youth soccer games. Therefore, any duty they owed was to the participants. Defendants had no duty to spectators to inspect the entire premises and warn of any dangers on the property.

■ Plaintiff next argues that defendants owed her a duty of care because they operated and controlled the field and surrounding area at Spring Trail Elementary. For a duty to arise under the law of premises liability, the defendant must possess and control the real property on which the tort occurred. *Esser v. McIntyre*, 267 Ill. App. 3d 611, 617 (1994), *aff'd*, 169 Ill. 2d 292 (1996). A defendant does not owe a duty to a plaintiff if the defendant does not control or intend to control the land. *Collins v. Mid-America Bag Co.*, 179 Ill. App. 3d 792, 794 (1989). In *Collins*, the court held that the organizer of a softball game owed no duty under a theory of premises liability to a player who was injured while participating in a game because the organizer did not control the land, where the organizer was a permissive user of the park for his own purposes and, therefore, "was a licensee whose only interest in the land was permission to use the land." *Collins*, 179 Ill. App. 3d at 794. Plaintiff in the present case argues that, because the coaches supervised a game on the field, they operated and controlled the entire property, including the area that contained the drainage ditch. We disagree. Plaintiff presented no evidence that the coaches maintained the area or physically enclosed it. See *Esser*, 169 Ill. 2d at 302 (defendant did not occupy hotel area with the intent to control; where the area was not enclosed, it was open to anyone, and defendant did not clean and maintain the area). Therefore, because defendants did not possess and control the property, they had no duty to plaintiff to guard her against injury, and the trial court properly entered summary judgment.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and KAPALA, JJ., concur.