SECOND DIVISION 

August 27, 2002

No. 1-01-0954

RONALD KOTECKI,

Plaintiff-Appellant,

v.

WALSH CONSTRUCTION COMPANY, and HOME DEPOT, INC., 

Defendants-Appellees

(Bohemian-Kelleher Painting Company,

Third Party-Defendant).

)))))))))

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 98 L 812

Honorable

Michael J. Hogan

Judge Presiding.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff appeals an order granting summary judgment for defendants Walsh Construction Company and Home Depot, Inc.  Plaintiff argues that the trial court erred in granting summary judgment because section 414 of the Restatement (Second) of Torts (Restatement (Second) of Torts §414 (1965)) and section 2 of the Premises Liability Act (the Act) (740 ILCS 130/2 (West 2000)) established a duty of care in this case.  We disagree and affirm the summary judgment order of the trial court.  

Plaintiff filed a two-count complaint against defendants on January 22, 1998, for injuries arising out of a construction accident on January 23, 1996.  Count I alleged common law negligence.  Count II alleged premise liability under the Act.  Plaintiff's fifth amended complaint set out the following facts.   

Plaintiff was a commercial painter employed by Bohemian Kelleher Painting Company.  Kelleher was a painting subcontractor hired as part of a construction project for a Home Depot store on North Avenue in Chicago.   Defendant Walsh Construction Company was the general contractor.   The building was turned over to Home Depot on January 1, 1996, when construction was substantially complete.  Employees began to stock the store to prepare for the grand opening.  Employees unloaded trucks in the dock area and used forklifts to move merchandise into the store.   On January 23, 1996, plaintiff was assigned to paint the dock doorframes.  This task was a  "punch list" item, that is, work still to be done after construction was substantially completed and after the building was turned over to Home Depot.  Plaintiff used a six- to eight-foot A-frame ladder, supplied by his employer, to complete his work.  Plaintiff positioned the ladder next to a dock leveler.  A dock leveler is a mechanical device that allows the dock to be raised or lowered to accommodate the height of varying truck beds. 

Plaintiff testified at his deposition that he knew his ladder was next to the dock leveler and that he knew how a leveler worked.  Plaintiff was also aware of boxes next to his ladder.  Plaintiff knew the dock area was being used by Home Depot employees to unload merchandise.  Plaintiff said that he had painted in dock areas before and that the area was well lit.  

Plaintiff further testified in his deposition that his ladder was placed on a flat concrete surface. The dock leveler next to the ladder was even with the rest of the dock when plaintiff ascended the ladder.  Plaintiff noticed the activity going on around him but was able to complete his work.  Plaintiff waited to descend the ladder until  the leveler near his ladder was no longer in use.  Plaintiff then descended the ladder, carrying his paint and brush.  Plaintiff lost his footing as he stepped off the ladder, injuring his right foot and back.  Plaintiff admitted that there was no debris near his ladder when he descended.  Plaintiff testified that he assumed the leveler caused his fall.  Plaintiff testified that Kelleher gave plaintiff his assignments and inspected his work.  All painting materials were supplied by Kelleher.  Plaintiff said he never spoke to a Home Depot representative.  

Michael Parino, a Walsh project manager, testified in his dispositon that Walsh never told Kelleher employees how to complete their work.  Parino testified that plaintiff could have painted at a different time if he was distracted.  Parino said that plaintiff made no such request.  Parino testified there were no reports of a malfunctioning dock leveler.  Parino described Walsh's duty in the construction project as one of general supervision.  Walsh did not observe the subcontractors individually.  Safety issues were addressed by the subcontractor's foreman.

Terry Mapes, project manager for Home Depot, testified in his dispositon that construction was substantially completed on January 1, 1996.  The building was then turned over to Home Depot.  Employees  began to prepare the store for its grand opening.  "Punch list" items were finished during this time.  Mapes said that neither Home Depot nor Walsh directed the manner in which the "punch list" items were completed.  That responsibility fell to the subcontractor.  Mapes acknowledged the contractual relationship between Home Depot, Walsh and Kelleher.  

Defendants moved for summary judgment, arguing that no duty existed under either common law negligence or the Act.  The trial court granted the motion.

We review a grant of summary judgment 
de novo
.  
Espinoza v. Elgin, Joliet & Eastern Ry. Co.
, 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995).

Plaintiff frames two issues for us to consider on appeal: 

"Whether *** summary judgment [was appropriate] in Count I of the fifth amended complaint, sounding in construction negligence, in favor of the Defendant, general contractor, and against the Plaintiff, an injured employee, of the third party  subcontractor, while working as a commercial painter, while said general contractor [1] maintained control and [2] was responsible for a safe workplace, over the construction of the Defendant's premises, where said injury occurred[.]

Whether *** summary judgment [was appropriate] in Count II, of the fifth amended complaint, sounding in premises liability, in favor of the Defendant, property owner, and against the Plaintiff, an injured employee of the third party subcontractor, when said Defendant was in control of, and knew of, or should have known, that the subcontractor, and its employee, Plaintiff had not finished with the contracted work to be performed, and to Defendant's premises[.]"

Whether there is common law negligence, in the context of a construction-related injury, is analyzed under section 414 of the Restatement (Second) of Torts.  
Bokodi v. Foster Wheeler Robbins, Inc
., 312 Ill. App. 3d 1051, 1057-58, 728 N.E.2d 726 (2000).  Section 414 states:

"One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."   Restatement (Second) of Torts § 414 (1965).  

Comment 
c
 to section 414 explains the "retained control exception:"

"In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done.  It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations.  Such general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail.  
There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way
."  (Emphasis added.)  Restatement (Second) of Torts § 414, Comment 
c
, at 388 (1965).

To state a claim for negligence under section 414, a plaintiff must allege (and ultimately prove) that the defendant owed him a duty and breached that duty, and that plaintiff's injury was proximately caused by the breach.  
Hills v. Bridgeview Little League Ass'n
, 195 Ill. 2d 210, 228, 745 N.E.2d 1166 (2000).  Whether a duty exists is a question of law.  
Happel v. Wal-Mart Stores, Inc
., 199 Ill. 2d 179, 766 N.E.2d 1118 (2002).  Whether a duty exists under section 414 turns on whether the defendant controlled the work in such a manner that he should be held liable.  
Bokodi
, 312 Ill. App. 3d at 1059.  Plaintiff offered no evidence of such control here, and, in fact, admitted in his deposition that his employer alone controlled the manner by which he completed his painting assignment.  Kelleher furnished the painting supplies and tools.   Kelleher coordinated the work, gave plaintiff his assignments and inspected his work.   Plaintiff admitted that neither Home Depot nor Walsh had authority to tell him how to complete the job.  Plaintiff said he never spoke to a Home Depot representative and that no one from Walsh told him how to perform the work.  Plaintiff's argument that the contractual relationship between Kelleher, Home Depot and Walsh created an issue of control is unpersuasive in light of this deposition testimony.    

The excerpts of the contracts on which plaintiff relies establish only that Home Depot and Walsh reserved a general right over the work–the right to stop, start and inspect progress.  But the undisputed facts show that control of the work was exercised by plaintiff's employer only.  Plaintiff points to no facts to show that Walsh and Home Depot retained an amount of supervision such that plaintiff, a painting subcontractor, was not free to complete the work in his own way.  
Bokodi
, on which plaintiff relies for an opposite conclusion, is distinguishable.

The evidence in 
Bokodi
 showed that the defendants went to great lengths to control safety standards at the work site.  
Bokodi
, 312 Ill. App. 3d at 1063.  The defendants employed a full-time safety manager who conducted weekly safety meetings and inspected the work site.  The safety manager and all employees had the power to stop the work if they witnessed safety violations.  We concluded that this constant monitoring should have made defendants aware of the unsafe lifting method that led to the plaintiff's injury.  
Bokodi
, 312 Ill. App. 3d at 1063.  We believe this case is more like 
Rangel v. Brookhaven Constructors, Inc.
, 307 Ill. App. 3d 835, 719 N.E.2d 174 (1999). 

The plaintiff in 
Rangel
 was an employee of a drywall subcontractor.  The subcontractor told the plaintiff to step on braces extending from a scaffold to position drywall into place.  The plaintiff was injured when a brace he stepped on while hanging dry wall gave way.  
Rangel
, 307 Ill. App. 3d at 837.  The plaintiff sued the general contractor based on common law negligence.  We affirmed the trial court's grant of summary judgment for the general contractor based on a lack of control over the work.  The undisputed facts showed that the subcontractor was free to perform its work without direction from the general contractor.  
Rangel
, 307 Ill. App. 3d at 839.  The subcontractor provided all supplies and directions to its employees.  The plaintiff was injured when he followed the subcontractor's instructions for performing the work.  There was no evidence that the general contractor was aware that work was being done in an unsafe manner before the plaintiff was injured.  
Rangel
, 307 Ill. App. 3d at 839.  We also found that the general contractor's general reservation of the right of supervision did not translate into the control over details of the subcontractor's work necessary to expose the general contractor to liability.  
Rangel
, 307 Ill. App. 3d at 839.  The lack of evidence here showing Home Depot's and Walsh's control over plaintiff's work failed to create a factual question necessary to survive summary judgment.  See 
Sobczak v. Flaska
, 302 Ill. App. 3d 916, 922, 706 N.E.2d 990 (1998) (question of control decided as a matter of law where evidence presented was insufficient to create an issue of fact).  Where there is no duty, there is no negligence.  
American National Bank & Trust Co. of Chicago v. National Advertising Co.
, 149 Ill. 2d 14, 26, 594 N.E.2d 313 (1992).  

Summary judgment was also proper on the premises liability count.  We first note that plaintiff sued both Walsh and Home Depot under a premises liability theory.   We agree with Walsh that it cannot be liable under premises liability because it is not an owner or occupier as defined by the Act.  Plaintiff did not address this issue.  

For a duty to arise under the Act, the defendant must possess and control the real property on which the injury occurred.  
Godee v. Illinois Youth Soccer Ass'n
, 327 Ill. App. 3d 695, 699, 764 N.E.2d 591 (2002), citing 
Esser v. McIntyre
, 169 Ill. 2d 292, 661 N.E.2d 1138 (1996).  It is undisputed that only Home Depot possessed and controlled the property on which plaintiff was injured.  

The Act imposes a duty of "reasonable care under the circumstances" on owners and occupiers of land to persons lawfully on the property regarding "the state of the premises or acts done or omitted on them."  740 ILCS 130/2 (West 2000).  We consider four issues to determine whether a duty exists under the Act: (1) foreseeability; (2) likelihood of injury; (3) magnitude of the burden on the defendant to guard against the injury; and (4) consequences of placing a burden on the defendant.  
LaFever v. Kemlite Co
., 185 Ill. 2d 380, 389, 706 N.E.2d 441 (1998).  We decide the forseeability issue under the guidelines in section 343 of the Restatement (Second) of Torts.  
LaFever
, 185 Ill. 2d at 389.  Section 343 subjects a landowner to liability if: he knows or by the exercise of reasonable care would discover the condition; he should realize that it involves an unreasonable risk of harm; he should expect that the danger will not be discovered by invitees; and he fails to exercise reasonable care to protect invitees against the danger.  Restatement (Second) of Torts § 343 (1965).  This duty does not extend to risks created by "open and obvious" conditions.  
Bucheleres v. Chicago Park District
, 171 Ill. 2d 435, 447-48, 665 N.E.2d 826 (1996); Restatement (Second) of Torts § 343A (1965).  

Plaintiff argues that multiple tradesmen working at the same time and in the same area plaintiff was painting created a dangerous condition that resulted in an unsafe workplace, leading to his injury.  Plaintiff does not claim that the presence of multiple tradesmen was not an "open and obvious" condition.  Plaintiff instead concedes the open and obvious nature of this condition, but claims that the distraction and deliberate encounter exceptions apply to impose liability.  Comment 
f
 to section 343A describes the two exceptions:

"There are *** cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger.  In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee ***. ***

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. *** [A] reason [to expect harm] may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk."   Restatement (Second) of Torts § 343A, Comment 
f
, at 220 (1965). 

Plaintiff claims that our supreme court's analysis of the distraction in 
Diebert v. Bauer Brothers Construction Co.
, 141 Ill. 2d 430, 566 N.E.2d 239 (1990), "is very close on law and facts set forth in this appeal."  We disagree. 
  

Plaintiff's argument based on 
Diebert
 stresses only foreseeability in a duty analysis and overlooks that " 'the existence of a legal duty is not to be bottomed on the factor of foreseeability alone.' "  
Kirk v. Michael Reese Hospital & Medical Center
, 117 Ill. 2d 507, 525, 513 N.E.2d 387  (1987), quoting 
Cunis v. Brennan
, 56 Ill 2d 372, 375, 308 N.E.2d 617 (1974).  Whether a duty exists is shaped by public policy.  
Kirk
, 117 Ill. 2d at 525.  Plaintiff makes no argument addressing the effect of imposing a duty on a landowner in the context of this case.  We believe that imposing a duty to guard against distractions caused by the presence of multiple workers on a construction project ignores the reality of the construction industry.  Construction projects are coordinated by a general contractor who hires numerous subcontractors, each of which is generally responsible for its own employees.  Each trade must work simultaneously to complete its duties in a timely manner.  A distraction-free environment on a construction project would be an impossible burden to meet.  We also find that the facts in 
Diebert
 are distinguishable from those before us.

The plaintiff in 
Diebert
 was a construction worker.  He exited a portable bathroom and looked up to check for falling debris.  The plaintiff testified that workers regularly threw debris from a balcony above the bathroom.  While looking up, the plaintiff stepped into a rut and injured his back.  The 
Deibert
 court concluded that the rut was open and obvious but held the defendant liable because a reasonable person in the plaintiff's position would have been distracted.  
Diebert
, 141 Ill. 2d at 439.  The court also stressed that the defendant created the hazard that caused the distraction.  
Diebert
, 141 Ill. 2d at 439.  The court then noted that, in addition to foreseeability and likelihood of injury, the burden on the defendant to guard against the risk was minimal because a portable bathroom could easily be relocated.  
Diebert
, 141 Ill. 2d at 440.

The exception applied in 
Diebert
 because, not only was it reasonably foreseeable that the plaintiff would have been distracted by falling debris, but the remaining factors weighed in favor of imposing a duty.  Here, there is an absence of evidence of the cause of plaintiff's injury: whether he was distracted or merely inattentive to an obvious danger.  See 
Wreglesworth v. Arctco, Inc
., 317 Ill. App. 3d 628, 639, 740 N.E.2d 444 (2000) (the distraction exception does not require landowners to guard against an invitee's inattention to an obvious danger).  Plaintiff makes no argument on this point.  

Plaintiff also failed to argue how the "deliberate encounter" exception applies to this case.  The issue is waived.  See 
Med+Plus Neck & Back Pain Center, S.C. v. Noffsinger
, 311 Ill. App. 3d 853, 726 N.E.2d 687 (2000) (points not argued on appeal are waived); 177 Ill. 2d R. 341(e)(7).  Waiver aside, the "deliberate encounter" exception applies only when a landowner " 'has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.' "  
Wreglesworth
, 317 Ill. App. 3d at 642, quoting Restatement (Second) of Torts § 343A, Comment 
f
, at 220 (1965).  Economic compulsion, such as loss of employment, lies at the root of the invitee's decision to deliberately encounter the obvious danger.  
LaFever
, 185 Ill. 2d at 394-95.

Plaintiff offered no evidence or argument that he made a reasonable decision to deliberately encounter an obvious danger.  What undisputed evidence we have is that plaintiff had the right to paint at a different time if distracted.  

The judgment of the trial court is affirmed.

Affirmed.  

BURKE, P.J., and GORDON, J., concur.