JEREMIAH CLIFFORD *et al.*, Plaintiffs-Appellants, v. WHARTON BUSINESS GROUP, L.L.C., Defendant-Appellee.

First District (1st Division)    No. 1—03—2932

---

Opinion filed September 30, 2004.

James K. Leven, of Chicago, for appellants.

Amy L. Anderson, Stephen A. Kolodziej, and Elizabeth S. Joshi, all of Brenner, Ford, Monroe & Scott, Ltd., of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

Plaintiffs, Jeremiah Clifford (Clifford) and his wife Geraldine Clifford, brought this negligence action against defendant, the Wharton Business Group, L.L.C. (Wharton), seeking damages for work-related injuries sustained by Clifford and his wife's loss of consortium. Clifford was working as a carpenter on a construction site owned by Wharton, a general contractor. He was employed by O'Toole Construction (O'Toole), one of Wharton's subcontractors on the project. Clifford claimed that he was injured when a newly built wall collapsed on top of him and, as a result, he fell or was thrown into a nearby stairwell opening in the floor. Wharton moved for summary judgment on the

grounds that, as a general contractor, it was not liable for the acts or omissions of its independent contractors. The circuit court granted Wharton's motion. The Cliffords now appeal. For the reasons that follow, we reverse and remand.

## BACKGROUND

The record shows that on the day of the incident Clifford was working as a carpenter on a 10-unit townhome building under construction in Oak Park, Illinois. During the hour preceding the incident, Clifford was "marking out" walls while other carpenters were nailing them. Clifford testified in his deposition that he was working alone on the fourth floor, when he suddenly heard a creaking noise and looked up. The south wall he had earlier put up and braced with other carpenters was collapsing. Clifford put his hands up in an attempt to try to stop it. He apparently fell or was thrown into a nearby 4-foot by 10-foot stairway opening in the floor. Clifford could not remember what happened after he put his hands up to try to stop the wall from falling. There is no evidence in the record regarding how, when or whether he did, in fact, fall through the opening in the floor.

The contract between Wharton and O'Toole contained no provisions imposing responsibility on Wharton for site safety conditions and did not reserve to Wharton any right of supervision or control over the employees of O'Toole. O'Toole supplied its carpenters with certain tools, and the carpenters supplied the rest. Wharton did not supply any equipment for O'Toole's workers to use, direct the carpenters on how to perform their tasks (other than indicating the location of a wall to be built), hold safety or other meetings on this project, or maintain safety rules that were to be followed by the subcontractors. Inspectors from Oak Park, and not Wharton, would inspect the work completed by the carpenters to ensure that it was performed properly. The record shows that, in terms of installing barricades over holes or covering holes, it was the carpenters' decision as to what safety measures to take. None of the carpenters said they wanted to put a railing around any holes or to put anything over the holes to cover them.

In their complaint, plaintiffs alleged that Wharton, through its agents and employees, was negligent in creating or permitting a dangerous work environment; permitting dangerous conditions to exist at the construction site; failing to make inspections; failing to warn of dangerous conditions; failing to erect barricades or install guardrails around open areas at the construction site; failing to enforce reasonable standards of safety; failing to properly supervise the work being

done by subcontractors, employees and others; failing to supply or maintain fall protection; and otherwise exercising its obligation as a general contractor in a dangerous, reckless and hazardous manner. Plaintiffs' first amended complaint, for the purposes of our review, was essentially the same as their original complaint.[1]

■ Wharton filed its motion for summary judgment while the first amended complaint was the operative pleading before the court. Wharton relied on section 414 of the Restatement (Second) of Torts (hereinafter the Restatement), adopted in Illinois, which provides:

> "One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care." Restatement (Second) of Torts § 414, at 387 (1965).

The "retained control" concept is further explained in Comment c to section 414:

> "In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." Restatement (Second) of Torts § 414, Comment c, at 388 (1965).

Wharton argued that, as a general contractor, it was not liable for the acts or omissions of O'Toole, its independent carpentry contractor, because it did not retain control over the operative details of the carpenters' work.

■ Prior to responding to Wharton's motion for summary judgment, plaintiffs filed a second amended complaint, which added a premises liability count against Wharton. The trial court struck the premises liability count on the grounds that it was duplicative of the construction negligence count. Subsequently, plaintiffs answered the motion for summary judgment, arguing that the case was not governed by the theory of retained control articulated in section 414 of the

---

[1]The Cliffords added an additional count against another defendant, Streeterville Builders, Inc. The claim against Streeterville Builders was later dropped.

Restatement but, rather, it was governed by the premises liability doctrine, as expressed in sections 343 and 343A of the Restatement, adopted in Illinois. Section 343 provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts § 343, at 215-16 (1965).

Section 343 should be read together with section 343A (Restatement (Second) of Torts § 343, Comment *a*, at 216), which provides the following "known or obvious" exception to the liability of a possessor of land under section 343:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1), at 218 (1965).

Plaintiffs argued that Wharton owed Clifford a duty of care, despite the obvious nature of the uncovered stairwell opening in the floor, because Wharton should have reasonably anticipated that Clifford would become distracted while working and momentarily forget about the dangerous opening in the floor. Wharton replied, in pertinent part, that it did not create the opening in the floor and neither knew of nor had control over the distraction of the falling wall.

The circuit court granted Wharton's motion for summary judgment. The court found that Wharton did not control the operative details of the carpentry subcontractor's work, did not retain control over the safety aspects of the work, did not know of or create the improperly braced wall or the opening into which Clifford fell and, therefore, did not owe Clifford a duty of care as a matter of law. This appeal follows.

## ANALYSIS

Plaintiffs contend that the circuit court erred in relying solely on the theory of retained control articulated in section 414 of the Restatement and failing to "apply the correct legal standards," namely, those under the premises liability doctrine, as expressed in sections 343 and 343A of the Restatement.

Summary judgment is appropriate where the pleadings, depositions, admissions and affidavits on file, viewed in the light most favor-

able to the nonmovant, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2002); *Sollami v. Eaton*, 201 Ill. 2d 1, 6, 772 N.E.2d 215, 218 (2002). We review a grant of summary judgment *de novo*. *Golden Rule Insurance Co. v. Schwartz*, 203 Ill. 2d 456, 462, 786 N.E.2d 1010, 1014 (2003).

The essential elements of a cause of action based on common law negligence are the existence of a duty owed by the defendant to the plaintiff, breach of that duty, and an injury proximately caused by that breach. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226 (1990). Generally, a duty of care arises where the parties stand in such a relationship to one another that the law imposes upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Ward*, 136 Ill. 2d at 140, 554 N.E.2d at 226. Whether a defendant owes a plaintiff a duty of care is usually a question of law to be decided by the court. *Ward*, 136 Ill. 2d at 140, 554 N.E.2d at 226. In making this determination, the court is to consider the following factors: (1) the foreseeability of the injury; (2) the likelihood of the injury; (3) the magnitude of the burden on the defendant of guarding against the injury; and (4) the consequences of placing the burden on the defendant. *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430, 438, 566 N.E.2d 239, 243 (1990). Where no duty exists, the plaintiff cannot recover. *Schoenbeck v. Du Page Water Comm'n*, 240 Ill. App. 3d 1045, 1048, 607 N.E.2d 693, 695 (1993).

Prior to 1995, liability attending construction-related injuries in Illinois was analyzed under the terms of the Structural Work Act (the Act) (740 ILCS 150/0.01 *et seq.* (West 1994)), which coexisted with the common law negligence principles. See *Bokodi v. Foster Wheeler Robbins, Inc.*, 312 Ill. App. 3d 1051, 1057-58, 728 N.E.2d 726, 731 (2000). The Act was repealed, effective February 14, 1995 (Pub. Act 89—2, § 5, eff. February 14, 1995), to be survived by the common law negligence principles, including those found in sections 414, 343 and 343A of the Restatement. See *Bokodi*, 312 Ill. App. 3d at 1057-58, 728 N.E.2d at 731. All three Restatement sections have been adopted in Illinois. See *Larson v. Commonwealth Edison Co.*, 33 Ill. 2d 316, 325, 211 N.E.2d 247, 252-53 (1965) (section 414); *Genaust v. Illinois Power Co.*, 62 Ill. 2d 456, 468, 343 N.E.2d 465, 472 (1976) (section 343); *Deibert*, 141 Ill. 2d at 438, 566 N.E.2d at 243 (section 343A, which serves as an exception to section 343, to decide the foreseeability prong of the common law duty test).

Plaintiffs consistently rely on the premises liability doctrine as a theory of recovery, arguing that Wharton is liable for a breach of duty of care as a possessor of the premises where Clifford's injury occurred.

Therefore, plaintiffs argue, the instant case is governed by Restatement section 343, its exception with respect to conditions which are open and obvious as articulated in section 343A, and by the line of Illinois cases which interpret and apply sections 343 and 343A in the context of construction-related injuries. Plaintiffs, on appeal, do not attempt to challenge the nonexistence of duty under section 414.[2]

Wharton, on the other hand, maintains that the instant case is governed solely by the theory of retained control articulated in section 414 of the Restatement. The theory of retained control provides an exception to the general rule that an employer of an independent contractor is not liable for the acts or omissions of the independent contractor (*Gomien v. Wear-Ever Aluminum, Inc.*, 50 Ill. 2d 19, 21, 276 N.E.2d 336, 338 (1971)). Wharton asserts its argument based on the assumption that plaintiffs' negligence claim is premised, in essence, upon the theory that Wharton should have intervened and required O'Toole to barricade, cover, or warn of the opening in the floor.

■ We clarify that sections 343 and 414 are not mutually exclusive; rather, each one offers an independent basis for recovery. See *Kotecki v. Walsh Construction Co.*, 333 Ill. App. 3d 583, 776 N.E.2d 774 (2002) (applying both sections); *Bieruta v. Klein Creek Corp.*, 331 Ill. App. 3d 269, 770 N.E.2d 1175 (2002) (same). In other words, the duty of reasonable care imposed on a general contractor as the owner or possessor of the premises is independent of its duty to exercise reasonable care where it retains control of work entrusted to an independent contractor. We further note that, contrary to plaintiffs' assertion, the circuit court considered both of these bases for recovery. In addition to discussing retained control, the circuit court's memorandum reflects its analysis under plaintiffs' premises liability theory, as evidenced by the court's consideration of whether the hazard was created by Wharton or known to it.

■ We also disagree with Wharton's contention that plaintiffs' pleadings did not allege the negligence claim as being premised upon a dangerous condition on the land, which would be governed by sections 343 and 343A, and only alleged a failure to exercise supervisory control over a subcontractor, which would be governed by section 414. In all of their complaints, plaintiffs consistently alleged that Wharton was negligent in permitting dangerous conditions to exist at the construction site. Moreover, Wharton waived this issue by failing to object to

---

[2]Since plaintiffs have not challenged the correctness of the trial court's determination that Wharton did not owe Clifford a duty of care under section 414, they have waived this issue. 188 Ill. 2d R. 341(e)(7) (points not argued are waived).

the pleading deficiency in the lower court proceedings. See *Williams v. Alfred N. Koplin & Co.*, 114 Ill. App. 3d 482, 486, 448 N.E.2d 1042, 1046 (1983) (pleading deficiency is waived where the party fails to object to the theory advanced by the opponent in response to the motion for summary judgment).

Since plaintiffs on appeal limit their arguments solely to the right of recovery under the theory of premises liability, governed by sections 343 and 343A, and since we hold that this argument was not waived by the pleadings, we will proceed to address the existence of duty under sections 343 and 343A of the Restatement. While we agree with plaintiffs that a possessor of land, including a general contractor, owes its invitees a common law duty of reasonable care to maintain its premises in a reasonably safe condition[3] (*Deibert*, 141 Ill. 2d at 437, 440, 566 N.E.2d at 242, 244), it is axiomatic that no legal duty arises unless the harm is reasonably foreseeable (see *Renslow v. Mennonite Hospital*, 67 Ill. 2d 348, 354-55, 367 N.E.2d 1250, 1253-54 (1977)). Where, as here, a plaintiff alleges that he was injured by a condition on a defendant's property, we decide the foreseeability prong of the Illinois common law duty test by reference to sections 343 and 343A of the Restatement. *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 389, 706 N.E.2d 441, 447 (1998); *Deibert*, 141 Ill. 2d at 438, 566 N.E.2d at 243.

■ Our supreme court cautioned that "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 447-48, 665 N.E.2d 826, 832 (1996). One of the exceptions to this general rule, imposing liability despite the obvious nature of a dangerous condition, is a so-called "distraction exception" illustrated in Comment *f* to section 343A. This exception involves a situation where a possessor of land should anticipate the harm because it has

---

[3]Until recently, the duty of care was imposed by the Premises Liability Act (740 ILCS 130/2 (West 1996)) on owners or occupiers of land to exercise "reasonable care under the circumstances" toward persons lawfully on the property. In 1997, however, the Illinois Supreme Court invalidated the tort reform legislation of Public Act 89—7 (Pub. Act 89—7, eff. March 9, 1995), and with it, by reference, the amended Premises Liability Act, which was passed as part of Public Act 89—7. *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 378, 689 N.E.2d 1057, 1064 (1997). The act was not invalidated because of any constitutional infirmity, but was found to be not severable from the unconstitutional portions of Public Act 89—7. *Best*, 179 Ill. 2d at 378, 689 N.E.2d at 1064; *Tomczak v. Planetsphere, Inc.*, 315 Ill. App. 3d 1033, 1039 n.1, 735 N.E.2d 662, 667 n.1 (2000). Today, Illinois courts use the common law duty standard of premises liability stated above.

reason to expect that the invitee's attention may be distracted, so that the invitee would not discover the condition despite its obviousness or will forget what he has discovered and fail to protect himself against it. *Deibert*, 141 Ill. 2d at 437, 439-40, 566 N.E.2d at 242, 243-44, citing Restatement (Second) of Torts § 343A, Comment *f*, at 220 (1965); *Ward*, 136 Ill. 2d at 153-55, 554 N.E.2d at 232-34. Thus, the distraction exception generally involves a situation where the injured party was distracted from the open and obvious condition because circumstances required him to focus on some other condition or hazard. *True v. Greenwood Manor West, Inc.*, 316 Ill. App. 3d 676, 680, 737 N.E.2d 673, 676 (2000).

Plaintiffs contend that the distraction exception applies in the instant case and point out that Clifford was working on Wharton's premises in proximity to an open, unguarded stairwell opening when he "became distracted from and momentarily forgetful of the hole and fell through *** as a result of attempting to evade a wall that fell upon him."[4] Plaintiffs argue that it was reasonably foreseeable that Clifford, in trying to protect himself from the falling wall, would forget about the hole and "allow himself to fall through."

Wharton argues that the distraction exception does not apply because the instant case is distinguishable from *Deibert* and *Ward* in that here Wharton did not create either the hazard at issue or the distraction. Wharton points out that Clifford and his O'Toole coworkers created the hazard when they constructed the floor in which the hole was present, and the distraction alleged by plaintiffs was the collapsing of the wall built and braced by Clifford and his fellow O'Toole employees shortly before the injury.

In *Deibert*, a subcontractor's employee was injured when he stepped in a tire rut after exiting a portable bathroom. *Deibert*, 141 Ill. 2d at 432-33, 566 N.E.2d at 240. The ruts were open and obvious. *Deibert*, 141 Ill. 2d at 434, 566 N.E.2d at 241. However, the employee's attention was distracted—when he came out of the bathroom, he looked up because workers had, in the past, thrown plasterboard and other construction materials off the nearby balcony. *Deibert*, 141 Ill. 2d at 433, 566 N.E.2d at 240. The supreme court concluded that the injury in *Deibert* was foreseeable. *Deibert*, 141 Ill. 2d at 438, 566 N.E.2d

---

[4]In the alternative, plaintiffs argue that the "deliberate encounter" exception applies. This argument, which is not otherwise meritorious, was not raised in the trial court in plaintiffs' response to the motion for summary judgment. It is, therefore, waived before this court. See *Ray v. City of Chicago*, 19 Ill. 2d 593, 602, 169 N.E.2d 73, 78 (1960) (matters not raised or presented in the trial court cannot be argued for the first time in a reviewing court).

at 243. In reaching that conclusion, the court noted that it was reasonable to expect that the general contractor was aware of workers throwing debris off the balcony; that it was aware of the presence of ruts on construction sites generally and of the presence of ruts on that construction site in particular; and that it was aware of where the portable bathrooms on the site were located and that people would frequently walk in the area around the bathrooms. *Deibert*, 141 Ill. 2d at 439, 566 N.E.2d at 243. The court further noted that the general contractor was responsible for the condition (the workers discarding debris off the balcony) which caused plaintiff's distraction. *Deibert*, 141 Ill. 2d at 439, 566 N.E.2d at 243. Wharton thus relies on *Deibert* to equate a defendant's responsibility for the distraction with the imposition of a duty of care. We disagree with Wharton's position that a duty of care does not exist where a defendant did not create the distraction which ultimately caused a plaintiff's injury. *Ward* and *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 796 N.E.2d 1040 (2003), discussed below, illustrate the infirmity in Wharton's position.

In *Ward*, a customer was injured when he walked into a five-foot-tall concrete post located just outside the exit of a home center section of a K mart store. *Ward*, 136 Ill. 2d at 135-36, 554 N.E.2d at 224-25. At the time of the injury, the customer was carrying in front of him a large mirror that he had just purchased from the store. *Ward*, 136 Ill. 2d at 135, 554 N.E.2d at 224. The supreme court held that the injury was reasonably foreseeable because the store invited its customers to use the door near which the plaintiff was injured; the store had reason to anticipate that customers would, even in the exercise of reasonable care, momentarily forget the presence of the posts which they may have previously encountered by entering through the customer entrance door; and it was also reasonably foreseeable that a customer carrying a large item just purchased in the store might be distracted and fail to see the post upon exiting through the door. *Ward*, 136 Ill. 2d at 153-54, 554 N.E.2d at 233. Thus, *Ward* imposed a duty of care on the store even where a customer created his own distraction.

Similarly, a duty of care was imposed in *Rexroad*, despite the fact that the defendant did not create the distraction. In *Rexroad*, a high school student was injured when he fell in an area under excavation in a parking lot located adjacent to a high school football field. *Rexroad*, 207 Ill. 2d at 36, 796 N.E.2d at 1041-42. The hole was previously barricaded by the city workers; however, the barricades were not in place at the time of the student's injury. *Rexroad*, 207 Ill. 2d at 37, 796 N.E.2d at 1042. The student had noticed the hole in the parking lot earlier that day. *Rexroad*, 207 Ill. 2d at 37, 796 N.E.2d at 1042. At the time of the injury, the student was returning to the football field after

getting a helmet from the locker room for one of the players. *Rexroad*, 207 Ill. 2d at 37, 796 N.E.2d at 1042. He was distracted because he was "focusing his attention on the player who needed the helmet." *Rexroad*, 207 Ill. 2d at 37, 796 N.E.2d at 1042. The supreme court found that case to be similar to *Ward* and held that it was reasonably foreseeable that students may fail to avoid the risk posed by the hole by becoming distracted or momentarily forgetful. *Rexroad*, 207 Ill. 2d at 46, 796 N.E.2d at 1047. *Rexroad* thus imposed liability on the city despite the fact that the city did not create the distraction.

■ In light of the decisions in *Ward* and *Rexroad*, we agree with plaintiffs that neither section 343A nor the line of Illinois cases interpreting and applying it require proof that the possessor of the land created or had control over the distraction. Nor, as will be demonstrated below, does Illinois law require proof that the hazardous condition was created by the possessor of the land. We further agree with plaintiffs that, as illustrated in *Ward*, *Rexroad*, and *Shaffer v. Mays*, 140 Ill. App. 3d 779, 489 N.E.2d 35 (1986), discussed immediately below, the central concern here is whether Wharton had reason to anticipate that a carpenter's attention is likely to be distracted, so that he would fail to protect himself against the open and obvious dangerous condition.

*Shaffer*, quoted extensively in *Deibert* and cited with approval by our supreme court in both *Deibert* and *Ward*, is most factually on point. In that case, the plaintiff was injured while helping remodel the house owned by the defendant, his father-in-law. *Shaffer*, 140 Ill. App. 3d at 780, 489 N.E.2d at 35-36. A new floor was built on an existing foundation and an opening for a small stairwell to the basement was cut. *Shaffer*, 140 Ill. App. 3d at 781, 489 N.E.2d at 36. The plaintiff and other workers knew of the existence of the hole for the stairwell. *Shaffer*, 140 Ill. App. 3d at 782, 489 N.E.2d at 37. The plaintiff was helping move a heavy and awkward object into place when he stepped into the uncovered hole and fell to the basement, sustaining severe injuries. *Shaffer*, 140 Ill. App. 3d at 781-82, 489 N.E.2d at 37. The court held that the defendant had reason to expect that even though the plaintiff and other workers knew of the hole, they would likely be distracted during the work and step into the hole. *Shaffer*, 140 Ill. App. 3d at 782, 489 N.E.2d at 37.

In the instant case, similar to *Shaffer*, it is beyond dispute that Wharton knew that the floors were being laid with openings for the stairwells. As previously stated, Wharton claimed that it should not be subject to liability because it did not create the hazard of the uncovered hole in the floor. We first disagree that a defendant must have created the hazard for the duty to attach. Under section 343, a defendant is

subject to liability if it "knows [of] or by the exercise of reasonable care would discover" the hazard. Restatement (Second) of Torts § 343(a), at 215 (1965). However, we need not reach this contention because here, similar to *Shaffer*, the stairwell openings were made at Wharton's direction and pursuant to the building plans.

We agree with *Shaffer* that it is generally reasonably foreseeable that a construction worker would become distracted and fall through such a hole, despite its open and obvious nature. Nevertheless, Wharton argues that it could not reasonably foresee that the wall Clifford and his coworkers built and braced earlier would collapse, causing Clifford to become "distracted" and fall into the hole in the floor he also helped to build. We disagree that the foreseeability of the distraction, in this context, refers to the foreseeability of the specific manner in which Clifford ended up being distracted. Wharton relies on *Bieruta*, 331 Ill. App. 3d at 274, 770 N.E.2d at 1179 (not reasonable for a general contractor to anticipate that a coworker would call the plaintiff's name, distracting him and causing him to fall into a trench), and *Kotecki*, 333 Ill. App. 3d at 590, 776 N.E.2d at 780 (distraction due to presence of multiple workers on the jobsite does not fall within the ambit of section 343A because the imposition of a duty to guard against such a "distraction" would completely ignore the reality of construction industry).

Both cases are inapposite. Although the court in *Bieruta* appears to have framed its conclusion in terms of foreseeability, the more detailed analysis in *Kotecki* correctly framed the issue, not in terms of foreseeability of the distraction, but whether other factors of the common law duty test favored imposing a duty on the defendant.[5] Contrary to Wharton's position, it is not necessary for a defendant to foresee the precise nature of the distraction. As *Rexroad* illustrates, all that is required is the defendant's awareness that those in proximity to the open and obvious hazard are likely to become distracted in some way and forget about the presence of the hazard. The supreme court in *Rexroad* made it clear that this standard has a low threshold when it did not require that, as a precondition to the imposition of a duty, the defendant city foresee that a high school student would be distracted while carrying a football helmet for his teammate. Rather, the court in *Rexroad* found it reasonably foreseeable that "students may fail to avoid the risk posed by the hole by becoming distracted or momentarily

---

[5]As previously noted, these other factors are: likelihood of the injury; magnitude of the burden on the defendant of guarding against the injury; and consequences of placing the burden on the defendant. *Deibert*, 141 Ill. 2d at 438, 566 N.E.2d at 243.

forgetful." *Rexroad*, 207 Ill. 2d at 46, 796 N.E.2d at 1047. Likewise, the existence of a duty in *Shaffer* was predicated on the fact that the defendant knew of the type of work to be performed and, therefore, had reason to expect that the plaintiff and other workers would be distracted. Here, Wharton knew that O'Toole's carpenters were erecting walls and bracing them in proximity to an uncovered hole in the floor, as the carpenters were building the units according to Wharton's specifications. This type of work requires the carpenters to look upward. Wharton thus cannot claim that it could not reasonably anticipate that a carpenter's attention is likely to be distracted and that he would fall into an open hole.

We accordingly disagree with Wharton that it owed no duty of care under the facts of this case. As previously noted, our supreme court expressly approved the analysis and holding of *Shaffer* in both *Deibert* and *Ward*, indicating that despite the "obvious and normal hazard" of a hole in a floor under construction, an owner or possessor of premises is under a duty to use reasonable care to protect construction workers from the dangers of such a hazard. As *Deibert* and *Shaffer* explained, this is so because an owner or possessor of the premises generally has reason to expect that a worker, distracted by performing other tasks or avoiding other hazards, is likely to step into the hole and be injured. The supreme court further stated:

> " '[W]hen an invitee is likely to be distracted, although he is aware of the danger, the duty of the owner or possessor exists as a matter of law. Additionally, a jury question exists *** as to whether the owner or possessor has exercised the care required.' " *Deibert*, 141 Ill. 2d at 446, 566 N.E.2d at 247, quoting *Shaffer*, 140 Ill. App. 3d at 782-83, 489 N.E.2d at 37.

Here, the record shows that it was the carpenters' decision as to what safety measures to take, and that none of the carpenters said they wanted to put a railing around any holes or to put anything over the holes to cover them. However, as *Deibert* and *Shaffer* made clear, whether Wharton breached its duty of reasonable care is a question of fact for the jury.

■ Wharton, in the alternative, argues that in the absence of evidence establishing that Clifford was, in fact, distracted by the falling wall and, as a result, fell into the hole, Clifford's claim is completely speculative and, therefore, the grant of summary judgment in favor of Wharton should be affirmed. This argument, which refers to the sufficiency of evidence to prove the element of proximate cause, was not raised in the circuit court and is, accordingly, waived. See *Ray v. City of Chicago*, 19 Ill. 2d 593, 602, 169 N.E.2d 73, 78 (1960) (matters not raised or presented in the trial court cannot be argued for the first

time in a reviewing court). In any event, the evidence presented, namely, that Clifford was trying to avert harm from the falling wall, is sufficient to permit a trier of fact to reasonably infer that Clifford failed to avoid the hole because he was distracted.

■ Lastly, in the interest of judicial economy, we uphold the circuit court's finding that Wharton may not be held liable under the retained control exception of section 414.[6] There is no indication that Wharton exercised the level of control necessary to subject it to liability under section 414. Wharton clearly did not control the operative detail of O'Toole's methods of work, such that O'Toole was not entirely free to do the work in its own way. Wharton did not supply any equipment to O'Toole's employees, did not direct the carpenters how to perform their tasks, and did not hold safety meetings or maintain safety rules for its subcontractors.

For the reasons set forth above, we reverse the grant of summary judgment in favor of Wharton and remand the matter for further proceedings concerning Wharton's liability, under sections 343 and 343A, as the owner or possessor of the premises.

Reversed and remanded.

McNULTY and McBRIDE, JJ., concur.

---

[6]As previously noted, plaintiffs on appeal waived this issue because they have not challenged the correctness of the trial court's determination that Wharton did not owe Clifford a duty of care under section 414.