ANTHONY AGNELLO, a Minor, by his Father and Next Friend, Frank Agnello, *et al.*, Plaintiffs-Appellants, *v.* PHILIP J. PUZZO, Defendant-Appellee.

First District (2nd Division)   No. 81—2351

Opinion filed December 7, 1982.

Carl J. Cipolla, of Baskin, Server & Berke, of Chicago, for appellants.

Lloyd P. Douglas, of Douglas & Brewer, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs, Anthony Agnello, a minor by his father and next friend, Frank Agnello, and Frank Agnello, individually, sued defendant, Philip Puzzo, for the injuries Anthony sustained when defendant's car struck him, and the damages thereby incurred. A jury found defendant not guilty. The principal issue on appeal is whether the circuit court erred in not granting plaintiffs' motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial.

Plaintiffs' and defendant's accounts of the accident differ substantially. Even accepting defendant's account as true and accurate, however, we conclude that the jury's verdict cannot be allowed to stand and the cause must be reversed and remanded with directions.

Defendant testified under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 60) (now section 2—1102 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1102)), that the accident occurred at about 1 p.m. on June 28, 1976, at the intersection of Pine and Elmhurst in Wood Dale. It was a sunny day; the streets were dry; his windshield was clear; his horn was working; and his brakes were in good condition. Puzzo was alone in his car eastbound on Elmhurst at about 20 m.p.h. As he approached Edgewood, one block west of Pine, he saw a group of 10 or 15 children crossing Elmhurst southward between Edgewood and Pine. He slowed down to about 10 m.p.h. so that they could cross safely in front of him. As he was slowing down he saw an ice cream truck as it was making a left turn from northbound on Pine to westbound on the south side of Elmhurst. It pulled up and parked on the southwest corner facing west, occupying part of the eastbound traffic lane. After it parked, he saw about 10 people at the corner gathering around it. They were some of the same children who had crossed the street in front of him.

As he approached Pine, Puzzo sounded no horn but slowed down to about 5 m.p.h. He eased to the left of the roadway center to pass the truck, which was parked on Puzzo's side of the road. Just as he was passing, Anthony ran from behind the truck at a point about six

feet in front of him. Puzzo was unable to bring his car to a stop before hitting Anthony with the center of the front of his car which was then in the westbound traffic lane. His car went over Anthony's body. He didn't want to stop there and continued eastward past Pine and parked on the south side of Elmhurst. He did not mention the presence of the ice cream truck to investigating police. He thought it was still there when police came.

Anthony's mother, Joanne Agnello, testified that he was six years old on the date of the accident. The family lived in a house on the north side of Elmhurst, between Edgewood and Pine, closer to Pine. She was at home when she heard a "terrible screech" and ran outside toward the street. A neighbor's boy screamed "Tony." She saw a car go eastward past her driveway and she yelled at neighbors to stop the car. Her property had 150 feet of frontage and she saw Anthony lying on the street two feet to three feet from the north curb at the west end of the property. Anthony was bruised, scraped and bleeding, and had a tire mark across his shoulder. The car stopped on the south side of Elmhurst west of Pine.

Anthony testified that he was on his way home to get "ice cream money," crossing Elmhurst from south to north and was about three feet from the north curb when he was hit by a car. Although he looked before crossing, he did not see the car before it struck him and had at first thought he had tripped. The ice cream truck was west of his house, on the southwest corner of Edgewood and Elmhurst at the time of the accident.

Shirley Gretza, who lived across the street from the Agnellos, testified that the accident occurred near the corner of Edgewood and Elmhurst. Elmhurst was a two-lane street, east and westbound. She and her children were buying ice cream from a truck at the corner of Edgewood and Elmhurst before the accident. The two Agnello boys were with them. She was walking backwards when she saw Puzzo approach at about 40 m.p.h. His car was in the westbound traffic lane when he hit Anthony. He did not blow his horn or slow down before the accident and didn't come to a stop until he had passed Pine, a block down the street. Anthony was about two feet from the north curb when he was struck by the front of Puzzo's car, on the driver's side.

Plaintiffs argue that even if Puzzo's account is accepted as true, the facts, when viewed as a whole, overwhelmingly show that Puzzo had been negligent and that his negligence was the proximate cause of the accident. Puzzo argues that the verdict rendered in his favor was not against the manifest weight of the evidence and that the jury,

moreover, could have concluded that the testimony of plaintiffs' witnesses, especially Gretza, should be accorded no weight whatsoever.

■■ ■ It is singularly within a jury's function to determine factual issues such as the care exercised by the parties and the proximate cause of the accident and injuries in a case such as this. (*Jardine v. Rubloff* (1978), 73 Ill. 2d 31, 43, 382 N.E.2d 232; *Lode v. Mercanio* (1979), 77 Ill. App. 3d 150, 154, 395 N.E.2d 1014.) The question of defendant's negligence becomes a matter of law only where reasonable men of fair understanding would agree that defendant in the operation of his automobile at the time and place in question was guilty of negligence. *Kocour v. Mills* (1959), 23 Ill. App. 2d 305, 311, 162 N.E.2d 497.

■■ The standard which a trial court must apply in considering a motion for a directed verdict or a judgment *n.o.v.* was clearly set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504. Verdicts may be directed and judgments *n.o.v.* granted only where all the evidence, when viewed in the light most favorable to the party opposing the motion, so overwhelmingly favors the movant that no contrary verdict based upon the evidence could ever stand. We find this circumstance to exist in the case at bar under the evidence submitted.

■■ Illinois follows the common law rule that a child, such as Anthony, under the age of seven years, is conclusively presumed not to be responsible for his acts. (See, *e.g., Wolczek v. Public Service Co.* (1930), 342 Ill. 482, 493, 174 N.E. 577; Illinois Pattern Jury Instructions, Civil, No. 11.03 (2d ed. 1971).) The jury was so instructed in the case *sub judice*. It is also the law in this State that the violation of a public safety statute is *prima facie* evidence of negligence and is actionable where it is the proximate cause of plaintiff's injury. (*Ding v. Kraemer* (1978), 59 Ill. App. 3d 1042, 376 N.E.2d 266.) Where an ordinarily prudent person would have foreseen that someone might very likely be injured if the statute is violated, its violation may be considered as the proximate cause of the injury. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 78, 80, 117 N.E.2d 74.) Taking Puzzo's own testimony as true, in driving around the ice cream truck, into the wrong lane of traffic, at or near the intersection, with children nearby, he violated two such statutes (Ill. Rev. Stat. 1979, ch. 95½, pars. 11—601(a), 11—706(a)(2)). Section 11—601(a) provides in relevant part that: "No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property." Section 11—706(a)(2) provides that "No

vehicle shall be driven on the left side of a roadway \*\*\* [w]hen approaching within 100 feet of or traversing any intersection or railroad grade crossing."

■■ Just as defendant's presence on the left-hand side of the road within 100 feet of an intersection was held to have been the proximate cause of the accident that resulted in *Grass v. Hill* (1981), 94 Ill. App. 3d 709, 418 N.E.2d 1133, so too Puzzo's presence on the left-hand side of the intersection in the instant case was clearly the proximate cause of plaintiff's injury. See also *Leonard v. Pacific Intermountain Express Co.* (1976), 37 Ill. App. 3d 995, 347 N.E.2d 359.

Accepting, *arguendo*, defendant's insistence that plaintiffs' witnesses were without credibility, from Puzzo's testimony it is evident that he was fully aware of the fact that children were in the vicinity, that he saw the ice cream truck in sufficient time to bring his car to a halt in front of it, and that he chose instead to swing around it into the wrong lane of traffic as he reached the corner, where pedestrians would hardly expect a vehicle to be. In addition, Puzzo admits that he never sounded his horn to alert the children whom he had seen gathering around the ice cream truck that he was approaching. Under these circumstances, a child coming from behind an ice cream truck, where other children were seen by Puzzo to have gathered, is an anticipatable danger to a motorist which he must be prepared to avoid, as the court concluded in *Figarelli v. Ihde* (1976), 39 Ill. App. 3d 1023, 351 N.E.2d 624, a case very similar to the instant one in which the defendant struck and killed a little girl who had run out from behind an ice cream truck. The fact that Puzzo did not see Anthony in time to avoid hitting him does not exonerate him.

■■■ The conduct of children is often unpredictable and one operating his vehicle under such circumstances should anticipate their thoughtlessness and impulsiveness, and thereafter be alert to the potential danger. (*Stowers v. Carp* (1961), 29 Ill. App. 2d 52, 64-65, 172 N.E.2d 370, *appeal denied* (1961), 20 Ill. 2d 629.) It was his duty in the exercise of reasonable care to give warning of his approach, which Puzzo admittedly failed to do, and to keep those children under such observation and his automobile under such control that he would not run over them, which events proved Puzzo also failed to do. (*Stemkowski v. J. H. Patterson Co.* (1944), 324 Ill. App. 318, 58 N.E.2d 463.) Also notable is the fact that the child here had nearly traversed the entire width of the car and was within several feet of crossing the street entirely when he was struck by the front end of defendant's auto. Under the foregoing circumstances, a driver traveling at five miles per hour, as Puzzo claimed to be, who first saw the

child six feet away from his car yet could not stop without running over the child, cannot be said to have had his vehicle under the requisite control. Reasonable persons could not have concluded otherwise. (*Kocour v. Mills; Grass v. Hill.*) Particularly is this true where, as in the present case, testimony of other witnesses demonstrate greater, rather than less, culpability on defendant's part. The evidence here overwhelmingly favors plaintiffs, and no contrary verdict can be allowed to stand. *Pedrick v. Peoria & Eastern R.R. Co.*

Defendant cites and relies upon *Hernandez v. Lukas* (1982), 104 Ill. App. 3d 692, 432 N.E.2d 1028, to sustain his position. That case is inapposite in its facts. There the driver was on the proper side of the roadway, in midblock, behind other moving traffic, circumstances significantly different from those at bar.

For the foregoing reasons, the jury's findings in the present case that defendant was not guilty must be vacated. Accordingly, we reverse and remand the cause and direct that the verdict be vacated, judgment on liability be entered for plaintiffs and a new trial granted on damages.

Reversed and remanded with directions.

STAMOS, P.J., and PERLIN, J., concur.