JANET MORRISON, Plaintiff-Appellant, v. THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Defendant-Appellee (John A. Carollo *et al.*, Defendants).

First District (4th Division)  No. 86—0424

Opinion filed April 23, 1987.—Rehearing denied May 7, 1987.

LINN, J., dissenting.

Salinger, Gignilliat, Hymen & Zamparo, P.C., of Chicago (Leigh R. Gignilliat and Charles R. Stone, of counsel), for appellant.

McCracken & Walsh, of Chicago (Thomas J. McCracken, Jr., and Thomas G. Moffitt, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Janet Morrison, brought this lawsuit to recover damages for injuries she sustained when the motorcycle on which she was a passenger collided with an automobile on a road under the control of defendant, the Forest Preserve District of Cook County (District). Count IV of the plaintiff's five-count amended complaint, the only count directed at the District, alleged that through its negligence the District created a dangerous condition on the road which proximately caused the collision. The District moved to dismiss count IV on the grounds that it was barred by certain provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1985, ch. 85, pars. 3—104(a), (b), 3—107). The trial court dismissed count IV with prejudice and the plaintiff has appealed.

According to the allegations of the plaintiff's complaint, the road on which she was injured was a paved road under the control of the District which the District had a duty to maintain in a safe condition for ordinary public travel. The plaintiff alleged that on the portion of the road entering the forest preserve in which the collision occurred, the District painted a white center line indicating the presence of two-way traffic. The center line "extended for a distance then abruptly ended without warning" as to the continued existence of two-way traffic. The plaintiff alleged that by discontinuing the center line and failing to post warning signs, the District created a dangerous and unsafe condition which caused motorists to be unsure as to whether the road remained open to two-way traffic. The plaintiff's complaint states that at some point after the white center line ended, the motorcycle on which she was a passenger collided head on with an automobile.

The sole issue before us is whether the trial court properly dismissed count IV of the plaintiff's amended complaint.

■ The Tort Immunity Act serves to immunize public entities from liability for negligence in certain specified situations. (*Plesnicar v. Kovach* (1981), 102 Ill. App. 3d 867, 870, 430 N.E.2d 648, 650.) If the plaintiff's complaint fails to state a cause of action for negligence, it is unnecessary to reach the issue of whether the immunity afforded by the Act is applicable. (102 Ill. App. 3d 867, 870, 430 N.E.2d 648.) It is well established that a cause of action should be dismissed on the pleadings only where it clearly appears that no set of facts could be proved which would entitle the plaintiff to recover. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790, 794.) For purposes of a motion to dismiss, all facts properly pleaded

in the complaint must be taken as true. (72 Ill. 2d 179, 187, 380 N.E.2d 790.) The failure of a complaint to state a cause of action is a fundamental defect which may be raised at any time by any means and cannot be waived. *Knox College v. Celotex Corp.* (1983), 117 Ill. App. 3d 304, 306, 453 N.E.2d 8, 10; *People ex rel. Difanis v. Futia* (1978), 56 Ill. App. 3d 920, 925, 373 N.E.2d 530, 535.

■ In order to state a cause of action for negligence, the allegations of the complaint must establish the existence of a duty of due care, a breach of that duty, and an injury proximately resulting from that breach. (*Durr v. Stille* (1985), 139 Ill. App. 3d 226, 228-29, 487 N.E.2d 382, 383.) Although the degree of care exercised by the defendant is generally a question of fact, it becomes a matter of law where reasonable men of fair understanding could not disagree as to the conclusions resulting from the facts. *Agnello v. Puzzo* (1982), 110 Ill. App. 3d 913, 917-19, 443 N.E.2d 648, 651-52.

■ The facts alleged in the plaintiff's complaint reveal that the District painted a white center line at the entrance to the road which would indicate to drivers entering the road that it contained two-way traffic. The plaintiff claims that by discontinuing that line, the District created a dangerous condition which would cause a motorist to believe that the road had suddenly become one way and that he could therefore drive in the middle or on the left side of the road. We do not believe that reasonable men of fair understanding could reach this conclusion.

■ First, the Rules of the Road, contained in the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—701(a)(4), 11—708(a)), provide that vehicles must be driven on the right side of the road unless the road has been designated as one way by a governmental authority. There is no allegation as to the existence of a sign indicating that the road on which the collision occurred was designated one way. In our view, the mere discontinuance of a line painted to initially guide drivers into the appropriate lane cannot be reasonably interpreted as the designation of a one-way road. (See generally *Consolino v. Thompson* (1984), 127 Ill. App. 3d 31, 34-35, 468 N.E.2d 422, 425 (discussing evaluation to be made in determining whether a particular inference is unreasonable as a matter of law).) Second, the plaintiff's amended complaint does not allege the existence of any side road or separate entrance for oncoming traffic at the point where the center line ended. As a matter of logic, the only possible source of the oncoming traffic would have to be the single road on which the plaintiff was traveling. Under these circumstances, we believe that the trial court properly dismissed count IV of the amended complaint.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McMORROW, P.J., concurs.

JUSTICE LINN, dissenting:

Once again, the majority has usurped the fact-finding function normally left to the jury and has instead determined that this is the proper instance in which to "toughen the [public's] psyche." (See *Lewis v. Westinghouse Electric Corp.* (1985), 139 Ill. App. 3d 634, 636, 487 N.E.2d 1071.) Unlike the majority, I believe Morrison's complaint sufficiently alleges a cause of action against the forest preserve and for that reason, I respectfully dissent.

To begin, I hasten to remind the majority that in reviewing a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor. (*Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 341 N.E.2d 13.) A complaint should not be dismissed if the facts essential to the plaintiff's claim appear by reasonable implication. (*Central States, Southeast & Southwest Areas Pension Fund v. Gaylur Products, Inc.* (1978), 66 Ill. App. 3d 709, 384 N.E.2d 123.) Furthermore, questions of negligence, due care, and proximate cause are generally questions of fact for a jury to decide and become questions of law only when "*there can be no difference* in the judgment of reasonable men as to the inferences to be drawn from them." (Emphasis added.) (*Thomas v. Northington* (1985), 134 Ill. App. 3d 141, 146-47, 479 N.E.2d 976; *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 84, 117 N.E.2d 74.) Questions on which reasonable men may arrive at different results should never be determined as a matter of law and instead must remain within the province of the jury. 2 Ill. 2d 74, 84, 117 N.E.2d 74.

In the case at bar, Morrison alleges that the forest preserve created a hazard by the manner in which it marked its roadways in a particular recreational area. Morrison's complaint reveals that the forest preserve painted a white dividing line (indicating two-way traffic) on the roadway constituting the entranceway to the recreational area. On the roadway beyond the entranceway, however, the forest preserve failed to provide the white dividing line. In addition, the forest preserve failed to provide a sign or any other type of warning as to whether the roadway beyond the entranceway was open to two-way or merely one-way traffic. Morrison argues that by omitting to place the white dividing line throughout the recreational area's roadways, the forest preserve gave drivers entering the area the impression that

the roadway running throughout the recreational area was, beyond the entranceway, intended for one-way rather than two-way traffic.

I submit that the allegations set forth above, combined with the reasonable inferences which necessarily follow therefrom, present a question of fact on which reasonable men might differ and that as a result, the issues in this case properly fall within the fact-finding function of the jury. 2 Ill. 2d 74, 83, 117 N.E.2d 74.

The significant error in the majority's opinion is their failure to appreciate the precise circumstances faced by a driver entering the recreational area. As set forth in Morrison's complaint, the forest preserve provided drivers entering the recreational area with only one source of guidance, namely, the white dividing line. It was this dividing line which informed the public as to whether the road was open to one-way or two-way traffic. When entering the forest preserve, it is clear to a driver (as a result of the existence of the white line) that the entranceway was intended for two-way traffic. Indeed, it is apparent that the forest preserve provided the white dividing line so that drivers entering the recreational area would entertain that exact thought. To this extent, the forest preserve established a roadway marking system by providing a white dividing guidance to drivers entering its recreational area.

Once beyond the entranceway, however, the guidance previously provided by the forest preserve was removed. The white dividing line (indicating two-way traffic) was no longer present and thus drivers relying on the forest preserve's roadway marking system for assistance were forced to draw one of two conclusions: (1) that the forest preserve painted the white dividing line on the entranceway assuming that drivers entering the area would automatically realize that the purpose behind the white line (to indicate the existence of two-way traffic) was supposed to continue throughout the roadways within the recreational area even though those roadways were not marked with a white dividing line, or (2) that the forest preserve intended two-way traffic to exist where a white line was provided and, on the other hand, intended one-way traffic to exist where the white dividing line was not provided. These are the only conclusions that could possibly be entertained by a driver entering the recreational area in question.

With that being the case, the majority determines that "reasonable men of fair understanding" would necessarily conclude that the forest preserve of course meant for the roadway to be open for two-way traffic. (155 Ill. App. 3d at 689.) According to the majority, drivers entering the recreational area who saw the white dividing line at the entranceway and who, after entering the recreational area, saw

that the same white line no longer existed, would automatically realize that the forest preserve intended all along that the effect created by the white line (two-way traffic) was supposed to continue throughout the recreational area even though the white line itself did not.

I do not believe, however, that a driver acts unreasonably merely because he relies on the roadway marking system provided by the forest preserve and thereby believes that the forest preserve had some purpose in mind when it discontinued the white dividing line. The roadways in question here do not consist of one continuous thoroughfare; instead it is alleged that there is an entranceway and a separate and distinct roadway which then runs throughout the recreational area. That being the case, it is not unreasonable, *as a matter of law*, for a driver to believe, based on the roadway marking system actually provided by the forest preserve, that one part of the roadway was open to two-way traffic while another part was meant for one-way traffic. It is evident that a driver who relies on what the forest preserve affirmatively does, such as painting and then discontinuing a white dividing line, is as reasonable as the driver who relies instead not on what the forest preserve does, but rather on the impression it allegedly meant to create. Accordingly, it is apparent that different conclusions could result from the facts presented and under the standard set forth by the supreme court in *Ney*, the conclusion which reasonable men would adopt should properly be left for a jury to decide. Consequently, I must and do dissent.