Aaron BAKER, Appellant–Plaintiff,

v.

FENNEMAN & BROWN PROPERTIES, LLC and Southern Bells of Indiana, Inc., all d/b/a Taco Bell, Appellees–Defendants.

No. 87A04–0210–CV–492.

Court of Appeals of Indiana.

Aug. 26, 2003.

***

Lane C. Siesky, Barber and Shoulders, LLP, Evansville, IN, Attorney for Appellant.

Mary Elisabeth Jankowski, Law Offices of Citizens Insurance Co., Indianapolis, IN, Attorney for Appellees.

## OPINION

MAY, Judge.

Aaron Baker appeals the trial court's grant of summary judgment to Fenneman & Brown Properties, L.L.C. and Southern Bells of Indiana, Inc., all d/b/a Taco Bell (hereinafter collectively "Taco Bell"). Baker raises one issue, which we restate as whether Taco Bell has a duty to assist a customer who falls to the floor and loses consciousness when the customer's fall was not due to any fault of Taco Bell.[1]

We reverse and remand.[2]

## FACTS AND PROCEDURAL HISTORY

On August 26, 1999, Baker entered the Taco Bell store in Newburgh, Indiana, to purchase a soft drink. Upon entering the store, Baker felt nauseous, but he continued to the counter, where he ordered a drink. Baker handed the cashier money for the drink and suddenly fell backward. Baker's head hit the floor, and he was knocked unconscious and began having convulsions.[3]

Baker and Taco Bell disagree regarding whether Taco Bell rendered assistance to Baker. Baker claims that when he regained consciousness, he was staring at the ceiling, he had no idea what was going on, and he did not know where he was.

He claims that no Taco Bell employee called for medical assistance or helped him in any way. Taco Bell claims that the cashier walked around the counter to Baker, where she waited for his convulsions to stop, and then she asked Baker if he was okay and if he needed an ambulance. The employee claims Baker said he was fine and he did not need an ambulance, so she walked back around the counter.

What happened next is undisputed. Moments after Baker stood up, he fell again. This time, Baker fell forward and was knocked unconscious. The fall lacerated his chin, knocked out his four front teeth, and cracked the seventh vertebra of his neck. When Baker regained consciousness, he was choking on the blood and teeth in his mouth. Baker stumbled out of the store to a friend, who contacted Baker's fiancé to take him to the hospital.

Baker filed a complaint against Taco Bell, in which he alleged: 1) Taco Bell breached its duty to render assistance to him until he could be cared for by others when Taco Bell employees knew or should have known that he was ill or injured, and 2) Taco Bell's "conduct constituted gross negligence, wanton disregard and wanton recklessness" toward Baker. (Appellant's App. at 3.) Baker sought damages for med-

---

1. Taco Bell's brief includes an argument that Taco Bell did not voluntarily assume a duty to assist Baker. While Baker apparently made such an assertion at the trial court, we were unable to find any such argument in Baker's appellate brief. Consequently, Baker waived any such argument on appeal, and we address only Baker's argument that Taco Bell had a duty to assist him.

2. Baker requested oral argument. Because both parties submitted excellent briefs that set out their respective positions and the supporting authority in a very informative and persuasive manner, we have no need for oral argument. Therefore, we commend counsel for the quality of their briefs and deny Baker's request.

3. A doctor determined Baker fell because he experienced "vasovagal syncope." (Appellant's App. at 40.) Vasovagal syncope is "[a] form of syncope (fainting) that occurs as a part of a normal physiologic response to stress (often emotional stress). The individual becomes lightheaded, nauseated, flushed, feels warm and then may lose consciousness for several seconds." Medical Dictionary, http://www.medical-dictionary.com/results.php (last visited July 15, 2003).

ical bills, lost wages, pain and suffering, and mental anguish.

Taco Bell moved for summary judgment, claiming it owed Baker no duty. Baker responded by arguing Taco Bell had a duty to help him, and even if it did not, a Taco Bell employee testified in her deposition that she offered assistance to Baker; Taco Bell, therefore, assumed a duty to provide reasonable assistance to Baker. The trial court granted Taco Bell's motion.

## STANDARD OF REVIEW

When we review a trial court's grant of summary judgment, we apply the same standard the trial court applied: we determine whether a genuine issue of material fact existed and whether the moving party was entitled to judgment as a matter of law. *Luhnow v. Horn*, 760 N.E.2d 621, 625 (Ind.Ct.App.2001). While a trial court's grant of summary judgment is clothed with a presumption of validity and the appellant has the burden of demonstrating the trial court erred, we must assess the trial court's decision carefully to ensure the appellant was not improperly denied his day in court. *Id.* If the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law, then the burden shifts to the nonmovant to designate specific facts that raise a genuine issue for trial. *Id.*

## DISCUSSION AND DECISION

Baker claims Taco Bell had a duty to assist him and that it breached that duty by failing to provide assistance to him. Taco Bell argues it had no duty to assist Baker because it was not responsible for the instrumentality that caused Baker's initial injury. We believe Baker is correct.

■ To effectively assert a negligence claim, Baker must establish: (1) that Taco Bell had a duty "to conform [its] conduct

to a standard of care arising from [its] relationship with [Baker]," (2) that Taco Bell failed to conform its conduct to that standard of care, and (3) that Baker incurred injuries as a proximate result of Taco Bell's breach of its duty. *See Ind. State Police v. Don's Guns & Galleries*, 674 N.E.2d 565, 568 (Ind.Ct.App.1996), *trans. denied* 683 N.E.2d 592 (Ind.1997). The existence of a duty is a question of law for the court to decide. *Id.* To determine whether a duty exists, we must balance three factors: "(1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy concerns." *Id.*

■ As a general rule, an individual does not have a duty to aid or protect another person, even if he knows that person needs assistance. *L.S. Ayres v. Hicks*, 220 Ind. 86, 93, 40 N.E.2d 334, 337 (1942), *reh'g denied w/opinion* 220 Ind. 86, 41 N.E.2d 195 (1942). *See also* Restatement (Second) of Torts § 314 ("The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action.") (hereinafter, "Restatement"). However, both common law and statutory exceptions to that general rule exist. *See, e.g.,* Restatement § 314B (employer has a duty to protect or aid an injured employee); Ind. Code § 35-46-1-4 (neglect of a dependent is a felony). *See also L.S. Ayres*, 220 Ind. at 94, 40 N.E.2d at 337 ("under some circumstances, moral and humanitarian considerations may require one to render assistance to another who has been injured, even though the injury was not due to negligence on his part and may have been caused by the negligence of the injured person").

Baker claims Taco Bell had the duty to assist him described under Section 314A of

the Restatement, which provides the following exception to the general rule that one person need not assist another:

> § 314A. Special Relations Giving Rise to Duty to Aid or Protect
>
> 1) A common carrier is under a duty to its passengers to take reasonable action:
>
> > (a) to protect them against unreasonable risk of physical harm, and
> >
> > (b) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others.
>
> (2) An innkeeper is under a similar duty to his guests.
>
> (3) A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.
>
> (4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other.

The duty that arises under Section 314A exists because of the special relationship between the parties. Restatement § 314A, cmt. b. The relationships listed in the rule are not intended to be exclusive, *id;* nevertheless, some courts have restricted the application of § 314A to business invitees. *See, e.g., Gilbertson v. Leininger,* 599 N.W.2d 127, 131 (Minn.1999) (holding host to an overnight social guest does not have a duty under § 314A). In addition, the exception applies only while the relationship exists, so once the passenger leaves the train or the guest leaves the hotel, the railroad or hotel no longer has a duty to aid or protect an ill or injured individual. Restatement § 314A, cmt. c. *See also Sachs v. TWA Getaway Vacations, Inc.,* 125 F.Supp.2d 1368, 1374 (S.D.Fla.2000) (holding tour operator had

no duty to protect tour participants when on bus not owned by tour operator); *but see Kellner v. Lowney,* 145 N.H. 195, 761 A.2d 421 (2000) (holding motel owner could be liable for injury to boy crossing public highway between two portions of motel property because owner should have foreseen the risk to his guests of crossing the highway to get from hotel rooms to portion of hotel property where religious services were held).

■ In *L.S. Ayres,* our supreme court considered whether a department store, which was not in any way liable for a boy's initial injury by an escalator, nevertheless could be held liable for aggravation of the injuries caused by its employees' failure to stop the escalator. The court determined

> there may be a legal obligation to take positive or affirmative steps to effect the rescue of a person who is helpless and in a situation of peril, when the one proceeded against is a master or an invitor or when the injury resulted from use of an instrumentality under the control of the defendant. Such an obligation may exist although the accident or original injury was caused by the negligence of the plaintiff or through that of a third person and without any fault on the part of the defendant. Other relationships may impose a like obligation, but it is not necessary to pursue that inquiry further at this time.

220 Ind. at 95, 40 N.E.2d at 337. The court noted that the boy "was an invitee and he received his initial injury in using an instrumentality provided by" L.S. Ayres and then held L.S. Ayres could be liable for the aggravation of the boy's injury caused by its failure to assist him. *Id.;* 40 N.E.2d at 337–38.

Taco Bell claims it had no duty to assist Baker because it was not responsible for Baker's initial illness or injury. It argues

that, under *L.S. Ayres,* an Indiana business has a duty to assist a customer only if "the injury resulted from the use of an instrumentality under the control of the defendant." *Id.;* 40 N.E.2d at 337. In essence, Taco Bell argues that Indiana law recognizes only a limited duty under § 314A of the Restatement. Taco Bell's argument fails for a number of reasons.

First, the cases cited by the supreme court in *L.S. Ayres* suggest the court did not intend to limit the application of § 314A to situations where the plaintiff was an invitee *and* the instrumentality causing the injury belonged to the defendant. For example, the court discussed *Depue v. Flatau,* 100 Minn. 299, 111 N.W. 1 (1907), in which a home owner was held liable for aggravation of injuries to a severely ill, fainting, and helpless businessman that the home owner sent away unattended on a cold winter night. *L.S. Ayres,* 220 Ind. at 94, 40 N.E.2d at 337. There, as here, the initial illness was not the responsibility of the defendant. Nevertheless, our supreme court relied on that case when determining whether L.S. Ayres had a duty to assist the injured boy.

Second, when the supreme court had reason later that same year to mention *L.S. Ayres* in another of its opinions, it summarized the holding as follows: "this court recognized a duty to one in peril on the defendant's premises as an invitee even though the peril was created without negligence on the part of the defendant." *Jones v. State,* 220 Ind. 384, 43 N.E.2d 1017, 1018 (1942). That summarization suggests the supreme court did not intend, as Taco Bell insists, to limit its holding to situations where a plaintiff could prove both that he was an invitee and that the defendant's instrumentality caused the initial injury.

Third, the Restatement explains:

> The duty to give aid to one who is ill or injured extends to cases where the illness or injury is due to natural causes, to pure accident, to the acts of third person, or to the negligence of the plaintiff himself, as where a passenger has injured himself by clumsily bumping his head against a door.

Restatement § 314A, cmt d. A number of the illustrations provided in the Restatement parallel the fact pattern here and suggest Taco Bell had a duty to assist Baker. For example, Illustration 2 provides:

> A, a passenger riding on the train of B Railroad, suffers an apoplectic stroke, and becomes unconscious. The train crew unreasonably assume[s] that A is drunk, and do[es] nothing to obtain medical assistance for him, or to turn him over at a station to those who will do so. A continues to ride on the train in an unconscious condition for five hours during which time his illness is aggravated in a manner which proper medical attention would have avoided. B Railroad is subject to liability to A for the aggravation of his illness.

*Id.* § 314A. Illustration 7 provides:

> A is a small child sent by his parents for the day to B's kindergarten. In the course of the day A becomes ill with scarlet fever. Although recognizing that A is seriously ill, B does nothing to obtain medical assistance, or to take the child home or remove him to a place where help can be obtained. As a result, A's illness is aggravated in a manner which proper medical attention would have avoided. B is subject to liability to A for the aggravation of his injuries.

*Id.*

Review of decisions from a number of other jurisdictions suggests we should interpret Indiana law to impose a duty in

this situation. *See, e.g., Gingeleskie v. Westin Hotel, et al.,* 145 F.3d 1337, 1998 WL 279393 at ** 2 (9th Cir.1998) (holding question of fact existed regarding whether hotel took reasonable steps under § 314A to get a sick man to a hospital when the employee called a cab rather than an ambulance); *Estate of Starling v. Fisherman's Pier, Inc.,* 401 So.2d 1136, 1138 (Fla.Dist.Ct.App.1981) (holding business has an affirmative duty to take steps to protect a drunk man passed out on business's pier, such that he would not roll into the ocean and drown), *rev. denied* 411 So.2d 381 (Fla.1981); *Miller v. McDonald's Corporation,* 439 So.2d 561, 565 (La.Ct.App.1983) (holding business owner had duty to render reasonable aid after learning person on his premises is injured or ill and remanding to allow plaintiff to amend his complaint to so allege), *writ not considered* 442 So.2d 462 (La.1983); *Southland Corp. v. Griffith,* 332 Md. 704, 633 A.2d 84, 91–92 (1993) (holding business had a duty to provide aid to injured customer by calling the police when a customer requested the employee do so); *Hovermale v. Berkeley Springs Moose Lodge No. 1483,* 165 W.Va. 689, 271 S.E.2d 335, 338–40 (1980) (holding business had duty under § 314A of the Restatement to help a man who fainted and that whether business met that duty was a question of fact for the jury); *Lloyd v. S.S. Kresge Co., d/b/a K–Mart,* 85 Wis.2d 296, 270 N.W.2d 423, 426–27 (Wis.Ct.App.1978) (holding question of fact existed regarding whether K–Mart failed to give reasonable assistance to customer who was ill when it forced her to wait for her ride outside the store on a cold winter night).

Finally, public policy suggests Taco Bell had a duty to provide reasonable care in this situation. When a storeowner opens his property to the public, he does so because he hopes to gain some economic benefit from the public. "Social policy dictates that the storeowner, who is deriving this economic benefit from the presence of the customer, should assume the affirmative duty [to help customers who become ill as] a cost of doing business." *Id.*

■ Taco Bell argues placing this duty on businesses is unreasonable because then, in essence, a business would be required to hire employees who were trained to diagnose and provide medical services. *See* Br. of Appellee at 14 ("A rule requiring first aid to be delivered to any invitee, no matter the type of business and no matter the circumstances that led to the injury, would require an impossible and frightening standard of care for persons employed in the service industry."); *id.* at 15 ("Taco Bell sells tacos. Taco Bell does not and has never held itself out to be a medical treatment facility. . . . To require Taco Bell to treat these 'patients' would be unfair and unsafe for the 'patient' and the Taco Bell employee alike."). We disagree.

As comment f to Section 314A of the Restatement explains:

> [The business] is not required to take any action beyond that which is reasonable under the circumstances. In the case of an ill or injured person, [the business] will seldom be required to do more than give such first aid as [it] reasonably can, and take reasonable steps to turn the sick man over to a physician, or to those who will look after him and see that medical assistance is obtained. [A business] is not required to give any aid to one who is in the hands of apparently competent persons who have taken charge of him, or whose friends are present and apparently in a position to give him all necessary assistance.

Accordingly, the duty that arises is a duty to "exercise reasonable care under the circumstances." *Id.* cmt. e. A high school

student employed at Taco Bell would not be expected to provide the type of first aid an emergency room doctor would provide, as such an expectation would not be "reasonable." As a Wyoming court explained:

> A restaurant whose employees are reasonably on notice that a customer is in distress and in need of emergency medical attention has a legal duty to come to the assistance of that customer. However, a restaurant does not have a duty to provide medical training to its food service personnel, or medical rescue services to its customers who become ill or injured through no act or omission of the restaurant or its employees. A restaurant in these circumstances meets its legal duty to a customer in distress when it summons medical assistance within a reasonable time.

*Drew v. LeJay's Sportsmen's Café, Inc.*, 806 P.2d 301, 304 (Wyo.1991).

Moreover, as a practical matter, we fail to see the logic in Taco Bell's position that it should have no duty to aid in these types of situations. First, we find it unlikely customers would patronize a business that left another customer who was ill or injured lying on the floor of the business simply because the business was not responsible for the customer's illness or injury.

Second, imposing on a business a duty to provide reasonable care even when the business is not responsible for an illness or injury will rarely force a business to act in circumstances in which it should not already have been acting. For example, if, as Taco Bell asserts, a business has no duty to assist if it is not responsible for the instrumentality, then: 1) if a customer falls to the ground, an employee should determine before offering assistance whether the customer slipped on ice, in which case the business has a duty to act, or whether the customer merely passed out from syncope, in which case the busi-

ness has no duty; or 2) if a customer's face is turning blue, an employee should determine before providing assistance whether the person is choking on a food item from the business, in which case the employee must offer assistance, or whether the person is having a heart attack or choking on a food item purchased from a third party, in which case the employee need not offer assistance. By implementing policies and procedures that allow their employees to assist injured persons only when the business causes the illness or injury, a business might risk liability claims caused by an employee's failure to act, or failure to act promptly, when an illness or injury *was* in fact caused by an instrumentality of the business. Consequently, we are not placing a duty on businesses that they should not have already assumed.

In sum, Indiana case law, the Restatement (Second) of Torts, authority from other jurisdictions, and public policy all suggest Taco Bell had a duty, as a business that invited members of the public to enter its facility, to provide reasonable assistance to Baker even though Taco Bell was not responsible for Baker's illness. Consequently, we hold Taco Bell had a duty to "take reasonable action ... to give ... aid" to Baker after he fell and "to care for [him] until [he could] be cared for by others." Restatement § 314A.

■ Baker asserts Taco Bell provided no assistance. Taco Bell's employee claims she offered Baker assistance, but he refused to accept it. Thus, there is a question of material fact that precludes summary judgment on this issue, and we must reverse and remand for trial.

Reversed and remanded.

KIRSCH, J., and MATHIAS, J., concur.