TERRY ALAN SALTE *et al.*, Plaintiffs-Appellants, v. YMCA OF METROPOLITAN CHICAGO FOUNDATION, Defendant-Appellee.

Second District    No. 2—03—0701

Opinion filed August 2, 2004.—Rehearing denied September 10, 2004.

Robert J. Long, of Daniels, Long & Pinsel, of Waukegan, for appellants.

Michael B. Kilgallon, of Kilgallon & Carlson, of Chicago, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiffs, Terry Alan Salte and Charlene Salte, filed a complaint for negligence and loss of consortium against defendant, YMCA of Metropolitan Chicago Foundation. Defendant moved to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—615 (West 2002)). The trial court granted the motion and plaintiffs appeal. We affirm.

Plaintiffs' complaint contained the following allegations. Defendant owned and operated a health club and extended memberships to the public for a fee. On April 29, 2003, Terry, a member of the club, was exercising on one of defendant's treadmills. At that time, defendant had on its staff a paramedic who was nearby assisting another member of the club on a different fitness machine. While using the treadmill, Terry suffered a cardiac arrest. Plaintiffs' complaint alleged that Terry's cardiac arrest was a predictable and reasonably foreseeable event. Plaintiffs alleged that defendant had a duty to equip its "paramedics and athletic or fitness trainers" with cardiac defibrillators, which plaintiffs alleged were inexpensive, easy to use, and readily available. Defendant did not have any defibrillators on its premises. Plaintiffs alleged that, as a direct and proximate result of defendant's negligent failure to equip its facility and paramedics with a defibrillator, Terry remained in cardiac arrest for eight minutes until the county paramedics arrived. Plaintiffs alleged that this delay led to his brain suffering an anoxic event, which in turn led to physical and emotional damages.

Defendant filed a motion to dismiss pursuant to section 2—615 of the Code. Defendant argued that it was under no duty to have a defibrillator on its premises. The court granted the motion and plaintiffs appeal. On appeal, plaintiffs argue that (1) defendant had a duty to equip its paramedic with a defibrillator; (2) defendant voluntarily undertook the duty to equip its paramedic with a defibrillator; and (3) defendant's reference to a defibrillator as a "sophisticated medical device" in its motion to dismiss was improper. We review *de novo* the dismissal of a complaint pursuant to section 2—615 of the Code. *Green v. Trinity International University*, 344 Ill. App. 3d 1079, 1085 (2003).

### A. Duty to Equip Paramedic With a Defibrillator

Plaintiffs first argue that defendant had a duty to equip its paramedic with a defibrillator. "To state a claim for negligence, a plaintiff must establish that the defendant owed plaintiff a duty of care, that defendant breached that duty, and that plaintiff suffered an injury proximately caused by the breach." *Godee v. Illinois Youth Soccer Ass'n*, 327 Ill. App. 3d 695, 697 (2002). Whether a duty exists is a question of law. *Godee*, 327 Ill. App. 3d at 697.

Initially, we note that plaintiffs' complaint alleges that defendant had a duty to have a defibrillator on its premises for use by the paramedics on its staff. Plaintiffs do not explicitly allege that defendant had a duty to use a defibrillator on Terry. However, because complaints are to be liberally construed, we read plaintiffs' complaint to include the allegation that defendant had a duty to use a defibrillator on Terry. See *Lloyd v. County of Du Page*, 303 Ill. App. 3d 544, 552 (1999) (courts are to construe pleadings liberally to do substantial justice between the parties). Construed in this way, the complaint alleges that defendant had a duty to have a defibrillator on its premises and that defendant had a duty to use such a defibrillator in an attempt to rescue or aid Terry.

"Our common law generally imposes no duty to rescue an injured stranger upon one who did not cause the injury in the first instance." *Rhodes v. Illinois Central Gulf R.R.*, 172 Ill. 2d 213, 232 (1996). "A duty to take some affirmative action to aid another may arise, however, where a special relationship exists between the parties." *Rhodes*, 172 Ill. 2d at 232. The Restatement (Second) of Torts (the Restatement) provides:

"(1) A common carrier is under a duty to its passengers to take reasonable action

(a) to protect them against unreasonable risk of physical harm, and

(b) to give them first aid after it knows or has reason to know

that they are ill or injured, and to care for them until they can be cared for by others.

\*\*\*

(3) A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation." Restatement (Second) of Torts § 314A, at 118 (1965). The special relationship set forth in section 314A(3) of the Restatement includes the relationship of business owner and business invitee. See *Elizondo v. Ramirez*, 324 Ill. App. 3d 67, 74-75 (2001); *Parra v. Tarasco, Inc.*, 230 Ill. App. 3d 819, 822 (1992). Here, the business owner/business invitee relationship clearly existed between the parties. Accordingly, defendant owed Terry a duty to render first aid and to care for him. *Parra*, 230 Ill. App. 3d at 828-29; Restatement (Second) of Torts § 314A(1)(b) (1965).

The question here is whether defendant's duty to aid Terry included a duty to have a defibrillator on its premises and to use such a defibrillator on him. The duty to render aid is "a duty to use reasonable care under the circumstances." *Parra*, 230 Ill. App. 3d at 822. Comment *f* to section 314A of the Restatement elaborates on this requirement. It provides:

"The defendant is not required to take any action until he knows or has reason to know that the plaintiff is endangered, or is ill or injured. He is not required to take any action beyond that which is reasonable under the circumstances. In the case of an ill or injured person, he will seldom be required to do more than give such first aid as he reasonably can, and take reasonable steps to turn the sick man over to a physician, or to those who will look after him and see that medical assistance is obtained." Restatement (Second) of Torts § 314A, Comment *f*, at 120 (1965).

Our research has uncovered no Illinois case law addressing the question of a landowner's duty to have a defibrillator on its premises for use upon its business invitees in the event of an emergency. Additionally, we have discovered only one Illinois case that discusses a landowner's duty to aid a business invitee in a medical emergency as described in section 314A of the Restatement. See *Parra*, 230 Ill. App. 3d at 822. In *Parra*, the plaintiff's decedent, a customer at the defendant's restaurant, brought a negligence action based on the defendant's failure to assist him while he was choking. The reviewing court held that the defendant could not be held liable for failing to aid the decedent because the Illinois Choke-Saving Methods Act eliminates liability in such situations. See Ill. Rev. Stat. 1989, ch. 56½, par. 605 (now 410 ILCS 10/5 (West 2000)). The reviewing court next held that, based on the Restatement, the defendant had a duty to call an ambulance. *Parra*, 230 Ill. App. 3d at 829-30. However, the reviewing

court held that the dismissal of the plaintiff's complaint was proper because the plaintiff had failed to allege that the defendant's employees knew that the decedent was choking and/or refused to call, or delayed calling, for medical assistance. *Parra*, 230 Ill. App. 3d at 830.

Courts in other jurisdictions have considered the question of a health club's duty to have a defibrillator on premises for emergency use upon its members and have held that no such duty exists. See *Rutnik v. Colonie Center Court Club, Inc.*, 249 A.D.2d 873, 672 N.Y.S.2d 451 (1998); *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 571 Pa. 580, 812 A.2d 1218 (2002). In *Atcovitz*, the plaintiff was a member of a tennis club and had a heart attack while playing tennis at the club. The plaintiff sued the club, alleging that the club had a duty to acquire and maintain a defibrillator on its premises for emergency use. The Supreme Court of Pennsylvania held that the tennis club owed no such duty and affirmed the trial court's entry of summary judgment in favor of the club. *Atcovitz*, 571 Pa. at 588, 812 A.2d at 1224. A similar conclusion was reached by a New York reviewing court in *Rutnik*, where the plaintiff sued a racquetball club after suffering a heart attack while playing racquetball. The reviewing court rejected the plaintiff's contention that the club was negligent in failing to have a defibrillator present on premises for immediate emergency use. *Rutnik*, 249 A.D.2d at 875, 672 N.Y.S.2d at 453.

We also find instructive two other out-of-state cases that specifically address the scope of a landowner's duty to render first aid to its business invitees. In *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173 (3d Cir. 1994), the plaintiff, a patron at the defendant's casino, suffered a cardiac arrest. Shortly thereafter, a nurse employed by the casino arrived, bringing with her an "ambu-bag," oxygen, and an airway. She did not bring an intubation kit. Although some of the equipment normally found in an intubation kit was on the premises, the nurse did not bring it because she was not qualified to use it. The nurse proceeded to assist the plaintiff, using the ambu-bag and the oxygen. The plaintiff filed a negligence action, and the trial court granted summary judgment in favor of the defendant. On appeal, the plaintiff argued that the defendant breached its duty to provide medical care because it did not have an intubation kit on the premises or the personnel necessary to perform an intubation.

The reviewing court affirmed. Relying on comment *f* to section 314A of the Restatement, the court held: "Clearly, the duty recognized in § 314A does not extend to providing all medical care that the carrier or innkeeper could reasonably foresee might be needed by a patron. *** Certainly, maintaining on a full-time basis the capability of

performing an intubation goes far beyond any 'first aid' contemplated by § 314A." *Lundy*, 34 F.3d at 1179. The court further rejected the plaintiff's claims that, by having medical personnel on staff, the casino had voluntarily assumed a duty that it would not otherwise have had. *Lundy*, 34 F.3d at 1180. The court relied upon the New Jersey's Good Samaritan Act, which immunized from civil damages the negligent acts or omissions of any person who in good faith rendered emergency aid to a victim at the scene of an emergency. *Lundy*, 34 F.3d at 1180.

In *Baker v. Fenneman & Brown Properties, LLC*, 793 N.E.2d 1203 (Ind. App. 2003), the plaintiff fainted in the defendant's restaurant, sustaining injuries to his face and neck. He brought a negligence action, arguing that the defendant's employees failed to assist him. On appeal, the defendant argued that placing on businesses a duty to aid patrons was unreasonable because "a business would be required to hire employees who were trained to diagnose and provide medical services." *Baker*, 793 N.E.2d at 1209. The reviewing court disagreed. Relying on comment *f* to section 314A of the Restatement, the court held that the duty is only to exercise reasonable care under the circumstances. *Baker*, 793 N.E.2d at 1209. As an example, the court reasoned that a high school student "would not be expected to provide the type of first aid an emergency room doctor would provide, as such an expectation would not be 'reasonable.'" *Baker*, 793 N.E.2d at 1209-10.

Based upon comment *f* of section 314A of the Restatement and the authorities discussed above, we hold that defendant did not have a duty to have a defibrillator on its premises and to use the defibrillator on Terry. Defendant's duty was only to provide to its business invitee the level of aid that was reasonable under the circumstances. See *Parra*, 230 Ill. App. 3d at 822; Restatement (Second) of Torts § 314A, Comment *f*, at 120 (1965). This simply means that defendant and its staff were required to render whatever first aid that, under the circumstances, they were reasonably capable of providing to Terry. See *Baker*, 793 N.E.2d at 1209; Restatement (Second) of Torts § 314A, Comment *f*, at 120 (1965). This duty, however, did not require defendant to provide, or to be prepared to provide, all medical care that it could reasonably foresee might be needed by a patron. See *Lundy*, 34 F.3d at 1179; *Rutnik*, 249 A.D.2d at 875, 672 N.Y.S.2d at 452; *Atcovitz*, 571 Pa. at 588, 812 A.2d at 1224. Accordingly, we hold that defendant did not have a duty to have a defibrillator on its premises and that its staff did not have a duty to defibrillate Terry. See *Lundy*, 34 F.3d at 1179.

In so holding, we disagree with the dissent's conclusion that the reasonableness of the care exercised by defendant under the circum-

stances was a question of fact that precluded the dismissal of plaintiff's complaint. The dissent asserts that a reasonable jury could find that defendant did not provide reasonable first aid to Terry when it failed to use a defibrillator on him. Although a jury might so find, the law nonetheless did not require defendant to provide all emergency medical care that its patrons might foreseeably require; nor did the law require defendant to have a paramedic on its staff to provide such medical care. The use of a defibrillator requires specific training and we believe that its use is far beyond the type of "first aid" contemplated by Restatement section 314A. See *Lundy*, 34 F.3d at 1179.

We note that the dissent cites no authority for its conclusion that the provision and use of a defibrillator are encompassed within defendant's legal duty to provide first aid. Indeed, the cases cited by the dissent in support of its conclusion that the issue of defendant's reasonableness is a question of fact concern liability arising from a motor vehicle collision and the failure to provide coverage under an insurance policy. See *Jones v. Universal Casualty Co.*, 257 Ill. App. 3d 842, 853 (1994); *Agnello v. Puzzo*, 110 Ill. App. 3d 913, 917-19 (1982). As detailed above, the cases that have actually considered the scope of the legal duty set out in section 314A of the Restatement have concluded that landowners are not legally obligated to provide the type of medical care alleged by plaintiff. That defendant did not have a legal duty to have a defibrillator on premises renders meaningless the question of the reasonableness of defendant's conduct.

## B. Voluntary Undertaking

■ Plaintiffs' next argument is unclear. In their initial brief, they apparently argue that defendant, by having a paramedic on staff, was required to equip the paramedic with a defibrillator. This raises a negligence claim pursuant to the voluntary undertaking theory of liability. See *Frye v. Medicare-Glaser Corp.*, 153 Ill. 2d 26, 32 (1992). In plaintiffs' reply brief, they assert that they are not relying on a voluntary undertaking theory, but then continue to raise arguments consistent with that theory. We will assume that plaintiffs are raising this argument.

As an initial matter, plaintiffs provide no citation to authority in support of this contention. Plaintiffs have therefore waived the argument. See 188 Ill. 2d R. 341(e)(7); *La Salle Bank, N.A. v. DeCarlo*, 336 Ill. App. 3d 280, 287 (2003). Despite waiver, their claim still fails. "Under the voluntary undertaking theory of liability, the duty of care to be imposed upon a defendant is limited to the extent of its undertaking." *Frye*, 153 Ill. 2d at 32. Here, plaintiffs' complaint does not allege whether the paramedic on defendant's staff was specifically employed

to perform paramedic duties or whether he or she was employed as an athletic or fitness trainer. Additionally, although the complaint alleges that the paramedic was "duly qualified," the complaint fails to indicate whether the paramedic was certified and licensed and whether the paramedic was trained or qualified to use the defibrillator that plaintiff asserts should have been on the premises. Accordingly, plaintiffs' complaint fails to sufficiently allege the existence of a voluntary undertaking. See *Jackson v. Michael Reese Hospital & Medical Center*, 294 Ill. App. 3d 1, 11 (1997) (holding that complaint asserting a voluntary undertaking was properly dismissed where the plaintiff failed to sufficiently allege facts as to the nature of the voluntary undertaking).

Moreover, even if we were to assume that defendant had undertaken to have a paramedic on the premises, we reject any argument that such an undertaking included the performance of any resuscitative efforts using a defibrillator. Whatever defendant's undertaking might have entailed in terms of the provision of first aid, it clearly did not include an additional undertaking to equip the paramedic with a defibrillator. See *Lundy*, 34 F.3d 1173. Furthermore, we reject any assertion that, by having a paramedic on its staff, defendant voluntarily assumed a duty that it would not otherwise have had. *Lundy*, 34 F.3d at 1180. Illinois also has a Good Samaritan Act, similar to the New Jersey statute discussed in *Lundy*, which immunizes from civil damages the acts or omissions of any person who in good faith renders emergency aid to a victim at the scene of an emergency. See 745 ILCS 49/1 *et seq.* (West 2002); *Lundy*, 34 F.3d at 1180. We additionally note that, under the Emergency Medical Services (EMS) Systems Act (210 ILCS 50/3.150 (West 2002)), no liability attaches to any negligent act or omission committed by a duly certified or licensed paramedic while providing medical services in an emergency. For all of these reasons, we conclude that defendant could not be held liable for plaintiffs' injuries under a voluntary undertaking theory.

## C. Reference to Defibrillator as a "Sophisticated Medical Device"

■ Finally, plaintiffs argue that defendant's reference, in its motion to dismiss, to a defibrillator as a "sophisticated device" was improper. Plaintiffs assert that defendant's characterization of a defibrillator as a sophisticated device was, in effect, a denial of plaintiffs' allegation that a defibrillator is inexpensive and easy to use. Given that a section 2—615 motion admits as true all well-pleaded facts (see *Green*, 344 Ill. App. 3d at 1084), plaintiffs argue that defendant's motion was based on a disputed factual issue and that, therefore, the court erred in granting the motion. We disagree.

The characterization of something as "sophisticated" does not necessarily contradict the characterization of something as "inexpensive and easy to use." Therefore, defendant's use of the term was not a denial of plaintiffs' allegation and, thus, was not improper. Additionally, we question whether plaintiffs' allegation that a defibrillator is "inexpensive and easy to use" was a well-pleaded fact or an improper conclusion. Even if defendant's use of the term "sophisticated" were a denial of plaintiffs' allegation, the resulting factual dispute would not affect the outcome here. We note that we may affirm the trial court's judgment on any ground that the record supports. *Ceres One Corp. v. Naperville Township Road District*, 343 Ill. App. 3d 382, 384 (2003). We are not affirming on the ground that defendant had no duty to have a defibrillator on its premises because it was not an inexpensive and easy-to-use device. Rather, we are affirming on the ground that defendant had no duty to have a defibrillator on its premises, without regard to a defibrillator's cost or complexity.

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.

Affirmed.

McLAREN, J., concurs.

JUSTICE CALLUM, dissenting:

Because I conclude that, when viewing the allegations in plaintiffs' complaint in the light most favorable to plaintiffs, a reasonable jury could find that defendant breached its duty to plaintiffs, I respectfully dissent.

Whether a duty exists is a question of law. *Godee*, 327 Ill. App. 3d at 697. However, the reasonableness of the care exercised by the defendant is generally a question of fact and becomes a matter of law only where reasonable people could not disagree as to the conclusions resulting from the facts. *Agnello*, 110 Ill. App. 3d at 917-19; see also *Jones*, 257 Ill. App. 3d at 853.

I disagree with the majority's and defendant's characterization of the issue as solely a legal question of whether defendant had a duty to provide a defibrillator. Defendant's duty, as it acknowledges, was to render reasonable first aid until professional assistance arrived. See Restatement (Second) of Torts § 314A, Comment *f*, at 120 (1965). Whether reasonable assistance encompasses the use of a defibrillator by defendant's staff paramedic is, I believe, a factual question. I further believe that a reasonable jury could find that defendant did not provide reasonable first aid to Terry when it failed to equip its paramedic with a defibrillator to use on Terry.

The cases relied upon by the majority do not support its conclusion. Although the majority is correct in stating that the court in *Atcovitz* held that a tennis club owed no duty to its member to acquire and maintain a defibrillator on its premises, the majority fails to point out that the court based its holding on a Pennsylvania statute that regulated the maintenance and use of defibrillators. *Atcovitz*, 571 Pa. at 589, 812 A.2d at 1223 ("the implication of the Legislature's exclusion of untrained laypersons from the [statute] and its regulations is to preclude unqualified and untrained individuals from administering emergency medical services using [a defibrillator]"). *Rutnik* is also factually distinguishable, as the plaintiff in that case was injured while participating in a racquetball tournament sponsored by one of the defendants. The court held that the plaintiff assumed the risk of injury inherent when participating in a strenuous sport. *Rutnik*, 249 A.D.2d at 875, 672 N.Y.S.2d at 452-53.

Finally, I find the majority's reliance on *Lundy* to also be misplaced. In that case, the court stated that the duty recognized in Restatement section 314A, as the majority here points out, did not extend to providing all medical care that the carrier or innkeeper could reasonably foresee might be needed by a patron. I do not quarrel with this interpretation. The majority here fails to explain the *Lundy* court's reasoning. In that case, the casino's nurse had 15 years of experience, but, as the court pointed out, the uncontradicted evidence was that she was not competent to perform an intubation. The court stated:

> "It necessarily follows that the duty which the [plaintiffs] insist the New Jersey Supreme Court would recognize in this case would require casinos to provide a full-time on-site staff physician. Certainly, maintaining on a full-time basis the capability of performing an intubation goes far beyond any 'first aid' contemplated by § 314A." *Lundy*, 34 F.3d at 1179.

In *Lundy*, discovery had been completed when the defendant casino filed its motion for summary judgment. *Lundy*, 34 F.3d at 1177. The *Lundy* court had before it the uncontroverted fact that a nurse with 15 years' experience was not trained to perform an intubation. Here, the parties had not commenced discovery. Plaintiffs' complaint alleged that defendant had on its staff a paramedic. Reading this allegation in the light most favorable to plaintiffs, we can infer that defendant had hired its employee to work for it as a paramedic. The key issue here is plaintiffs' allegation that defendant had a duty to equip its paramedic with a defibrillator. Viewing plaintiffs' complaint in the light most favorable to them, I believe that a reasonable jury could find that defendant had a duty to equip its paramedic with a defibrillator. It is

534

conceivable that a reasonable jury would find significant the presence of a staff member who was employed as a paramedic, that a defibrillator is necessary equipment for such a professional, and that defendant should have equipped its paramedic with such a device. Indeed, the majority concedes that a jury could find that defendant did not provide reasonable first aid to Terry when it failed to use a defibrillator on him. However, it equates such a finding, without explanation, to a finding that defendant must provide all reasonably foreseeable medical care. In my mind, these findings are not identical.

For the reasons stated above, I would reverse the trial court's dismissal of plaintiffs' complaint.