Murtagh, Thomas R., J.
Defendant Malden YMCA’s Motion for Summary Judgment will be ALLOWED in part and DENIED in part.
Notwithstanding the foreign case authority cited by the defendant, including Salte v. YMCA of Metropolitan Chicago Foundation, 351 IL.App.3d 524, 814 N.E.2d 610 (2004), and as well as section 314A of the Restatement (Second) Torts, the Court concludes that the proposed expert testimony and other evidence presented by the plaintiff gives the plaintiff a sufficient toe hold to have plaintiffs negligence-based claims presented to a jury (Counts I, II and III). Issues of material fact exist at least as to whether in March 2002 the duty of reasonable care owed by the Malden YMCA in providing health fitness services required it to have an automatic electronic defibrillator (AED) available to its clients and whether such availability would have made a difference to Peter Plachowicz’s outcome. The Court is not of the view that the Malden YMCA’s standard of care was necessarily limited by the emergency services the Malden facility decided to have available to its clients. The Court sees no reason why the standard of care, even for emergency services, should not be regarded as an ever evolving concept, measured in some way by the acceptance of the need for and efficacy of new emergency treatment procedures and equipment.
However, separate claims based in alleged lack of informed consent (Counts IV and V) are not sustainable. Cases involving the doctrine of informed consent involve physicians who have allegedly failed to “divulge in a reasonable manner to a competent adult patient sufficient information to enable the patient to make an informed judgment whether to give or withhold consent to a medical or surgical procedure.” Harnish v. Children’s Hospital Medical Center, 387 Mass. 152, 154-56 (1982); see Roukounakis v. Messer, 63 Mass.App.Ct. 482 (2005). Here plaintiffs informed consent claim is that the Malden YMCA did not inform the decedent of its alleged emergency response deficiencies, including the lack of an AED, so that the decedent would have been fully apprised of the risk of exercising at the YMCA. Assuming, but not deciding that the doctrine of informed consent has an application to a healthy exercise setting, the Court believes that for a jury to find a lack of informed consent in this situation would require them to first find substantially the same facts as they would have to find in order to determine the Malden YMCA negligent — that the Mal-den YMCA failed to recognize that an AED should have been present at the facility. A separate action for failure to inform based on the same facts necessary to establish negligence for failure to provide adequate emergency equipment is not appropriate. Plaintiffs action for failure to inform is merged with the underlying negligence claim. See Roukounakis, supra.

ORDER

Defendant YMCA’s Motion for Summary Judgment is DENIED to Counts I, II and III but ALLOWED as to Count IV and V.